AUSTIN RANKIN CORPORATION,
Appellant,

v.

CADILLAC POOL CORPORATION et al.,
Appellees.

No. 6925.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 9, 1967.

Liddell, Dawson, Sapp & Zivley, Houston, for appellant.

Arthur J. Sabin, Addison, Ill., Ronald G. Byrnes, Houston, for appellees.

PARKER, Justice.

Austin Rankin Corporation, a Texas corporation, sued Cadillac Pool Corporation, and General Pool Corporation, Illinois corporations doing business in the State of Texas without permits to do business in Texas, to cancel and rescind a contract of July 13, 1965, and recover $3,000.00 delivered by the plaintiff to defendants as the consideration for certain pool kits and accessories or, in the alternative to recover damages of $3,000.00 for breach of such contract. Upon a motion to dismiss filed by defendants alleging that they were not amenable to process issued by the courts of this state, judgment was entered that the cause be dismissed for want of jurisdiction of defendants' persons. The parties will be designated as in the trial court.

On October 3, 1966 defendants' filed three unsworn pleadings, namely: a motion to dismiss, a "special appearance and motion to quash service of process" and a motion for leave to file "its appearance instanter". These were not unauthorized or inadvertent answers. Hearing was had on November 14, 1966 with judgment signed and entered on December 1, 1966, dismissing defendants' persons for want of jurisdiction. On the day of hearing plaintiff promptly moved the court to dismiss defendants' motion to dismiss on the ground that defendants made a general appearance by filing these unsworn answers.

In order that the record would accurately reflect what took place on November 14th, 1966, the court stated "the pleading denoted on the cover, "Motion, to Dismiss (Pertaining to Plaintiff's Second Amended Original Petition)" which bears the file mark of October 3, 1966, was filed by Mr. Gordon without any verification and when this matter was called to his attention by the attorney for the Plaintiff, he was permitted by the Court to attach, on November 14, 1966, a jurat and the signature of the notary, Mr. Krippner."

Then Mr. Emanuel Gordon, attorney for defendants, requested that any jurat placed

on defendants' motion to dismiss be made nunc pro tunc as of the original time of filing the motion to dismiss, to-wit October 3, 1966. In view of Rule 120a Texas Rules of Civil Procedure the Court declined to entertain this request. This jurat was not on defendants' motion to dismiss when it was filed and the court refused to consider it as having been placed thereon nunc pro tunc. Mr. Gordon was permitted to swear to the motion to dismiss. The body of defendants' motion to dismiss is followed by the signature of defendants' attorney, Emanuel Gordon, the statement that is was dated at Chicago, Illinois on September 26, 1966 and Emanuel Gordon's address. Below that, in longhand, is the following:

"Sworn to, this date—November 14, 1966.

Emanuel Gordon, (signed)

Attorney"

"THE STATE OF TEXAS
COUNTY OF HARRIS

Subscribed to and sworn before me, the undersigned authority, on this 14th day of November, 1966.

/s/ Robert L. Krippner

Notary Public in and
for Harris County, Texas"

Rule 120a T.R.C.P. states: "Such special appearance shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion", and further clearly states: "Every appearance, prior to judgment, not in compliance with this rule is a general appearance". We hold that defendants made a general appearance by filing their unsworn motion to dismiss. Having made their general appearance, defendants were before the court for all purposes. York v. State, 73 Tex. 651, 11 S.W. 869; Atchison T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S.W. 921; Phillips v. The Maccabees, Tex.Civ.App., 50 S.W.2d 478 (C.C.A.1932, no writ

history); Graham v. McCarty, 69 Tex. 323, 7 S.W. 342 (1887). Rule 121 T.R.C.P.

Since defendants made a general appearance, and are before the court for all purposes, plaintiff's other points of error are not passed on.

Judgment of the trial court is reversed and judgment rendered the trial court has jurisdiction of defendants with the cause remanded for trial upon the merits.