**James Allen LETERSKY, Appellant,**

**v.**

**Anne Cumming LETERSKY, Appellee.**

**No. 11–90–229–CV.**

Court of Appeals of Texas, Eastland.

Nov. 14, 1991.

Dale R. Montgomery, Abilene, for appellant.

Dick R. Crownover, Law Offices of Dick R. Crownover, Bob Lindsey, Burk, Lindsey, Weeks & McDurmitt, Abilene, for appellee.

ARNOT, Justice.

Appellant, James Allen Letersky, currently stationed in England with the United States Air Force, filed a divorce action in Taylor County on November 2, 1989, seeking to dissolve his marriage with appellee, Anne Cumming Letersky, a citizen of Great Britain currently residing in Scotland, and to obtain custody of their two minor children. However, appellee had initiated proceedings in Scotland on December 16, 1988, and the Scottish court had awarded her temporary custody of the children. The trial court granted appellee's special appearance pursuant to TEX.R.CIV.P. 120a. Appellant appeals, complaining in four points of error that the trial court erred in granting appellee's special appearance because appellee's personal letter and correspondence from her Scottish counsel to the court clerk constituted a general appearance which conferred jurisdiction on the court. We affirm.

Upon being served in Scotland, appellee wrote a letter to the Taylor County District Clerk on November 16, 1989. In this letter, she informed the clerk that a divorce proceeding was pending in a Scottish court; that the Scottish court had already awarded her temporary custody of the minor children; that she and the children had minimal contacts with Texas; and that she was instructing her lawyer in Scotland to contact the court. The next day, her Scottish attorney sent the district clerk a copy of the divorce action pending in Scotland. On April 10, 1990, appellee's Texas counsel filed a special appearance on her behalf pursuant to Rule 120a. After conducting a hearing, the trial court granted the special appearance and dismissed the cause.

■ In his first three points of error, appellant argues that one or both of these letters constituted a general appearance as a pro se answer and/or as a plea in abatement and, thus, invoked the court's jurisdiction prior to the filing of her special appearance by her Texas counsel. To constitute an answer or an appearance, an act of a party in an action must seek a judgment or an adjudication by the court on some question. *Investors Diversified Services, Inc. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ.App.–Houston 1963, writ ref'd n.r.e.). A general appearance is entered whenever a party invokes the judgment of the court on any question other than that of the court's jurisdiction. *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (Tex.1918).[1] Within narrow limits, a party may take certain actions relating to the case without entering an appearance

---

**1.** Although *St. Louis & S.F.R. Co. v. Hale,* supra, was decided prior to the enactment of Rule 120a in 1962, this standard was affirmed in *Liberty* *Enterprises, Inc. v. Moore Transportation Company, Inc.,* 690 S.W.2d 570 (Tex.1985).

under the theory that such actions do not recognize or invoke the court's power in the action. 2 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 9.04–C (rev. 1982).

■ Appellant argues that appellee's letter to the clerk conferred jurisdiction on the court because she "objected" to the cause of action, instructed her counsel to write the clerk with proof of the pending cause in Scotland, and sought the assistance of the trial court. We disagree. Appellee's letter to the clerk questioned both the court's subject matter and in personam jurisdiction. The letter did not seek a judgment or any adjudication by the court.

■ Next, appellant argues that the letter from appellee's Scottish counsel was an answer since she directed him to contact the trial court in her behalf. We disagree. The letter is not an appearance by "an attorney of the court." TEX.R.CIV.P. 7. Further, appellant argues that the letter from the counsel constituted an appearance not as appellee's attorney but as her "duly authorized agent" pursuant to TEX. R.CIV.P. 120. Again, we disagree. Appellee only authorized her Scottish counsel to act for her in Scotland. As she noted in her letter, "[I]f the Texas court action is not dropped, I would require the services of a Texas lawyer." The Scottish counsel was only authorized to send a copy of the pending Scottish court action to the clerk of Taylor County and to question the Texas court's jurisdiction. The counsel was not duly authorized to enter an appearance in open court. Rule 120. Appellant's first three points of error are overruled.

■ In his last point of error, appellant complains that appellee's service of discovery pleadings constituted a general appearance. However, use of the discovery process does not constitute a waiver of a special appearance. Rule 120a. See and compare *Portland Savings & Loan Association v. Bernstein*, 693 S.W.2d 478 (Tex. App.—Corpus Christi 1984, no writ). Appellant's fourth point of error is overruled.

The order granting the special appearance is affirmed.