J. Eugene Clements, Evelyn V. Keyes, Houston, for Petitioner.

Van E. McFarland, James D. Pierce, Houston, for Respondents.

## GFTA TRENDANALYSEN B.G.A. HERRDUM GMBH & COMPANY, K.G., Petitioner,

v.

## Byron K. VARME, Individually and d/b/a Trans–Oceanic Capital Corporation and Trans–Atlantic Properties, Inc. d/b/a Transatlantic Capital Company, Respondents.

No. 98–0210.

Supreme Court of Texas.

April 22, 1999.

PER CURIAM.

The issue in this case is whether a defendant consented to personal jurisdiction by including in its special appearance a challenge to the method of serving citation. GFTA Trendanalysen B.G.A. Herrdum GMBH & Co. K.G. specially appeared to challenge the trial court's jurisdiction on multiple grounds, and the trial court sustained GFTA's motion. The court of appeals reversed and remanded the case to the trial court, holding that GFTA's challenge to the method of service converted its special appearance into a general appearance. —— S.W.2d ——. Because GFTA's pleadings did not invoke the jurisdiction of the trial court we reverse the judgment of the court of appeals and remand to that court for consideration of issues it did not reach.

Byron K. Varme and Trans–Atlantic Properties, Inc., sued GFTA and George Herrdum, among others, in district court in Texas. GFTA is a German limited partnership with its sole place of business in Switzerland. Herrdum is a German citizen. The Texas Secretary of State attempted service of process on both defendants, to a Swiss address the plaintiffs provided. Certificates for both defendants came back to the Secretary of State marked "Return to Sender."

GFTA filed an instrument entitled "Verified Special Appearance and, and, Subject to Special Appearance, Its Motion to Dismiss." In this document, GFTA contested personal jurisdiction because it lacked minimum contacts with Texas consistent with due process. GFTA also argued it was not amenable to service or suit because the method of service of citation violated the Due Process and Supremacy clauses of the United States Constitution, the Hague Service Convention, Swiss law, German law, and Texas Rules of Civil Procedure. The instrument asked the trial court to dismiss the suit for want of jurisdiction.

The trial court sustained the special appearance on all grounds and dismissed the suit against GFTA and Herrdum. Its order contains detailed findings of facts and conclusions of law about the defendants' lack of minimum contacts and the deficiencies of service. Relying on *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199 (Tex.1985) (per curiam), the court of appeals held that by challenging the method of service within the special appearance, GFTA converted its special appearance into a general appearance and thereby consented to jurisdiction.

The court of appeals's opinion ignores the fact that, although GFTA's motion objected to the method of service, it also challenged the court's jurisdiction because of a lack of minimum contacts. In *Kawasaki*, our Court distinguished the role of a special appearance under Texas Rule of Civil Procedure 120a from a motion to quash under Rule 122. We quoted with approval the following from a noted authority:

The words "not amenable to process issued by the courts of this state" [in Rule 120a] can only be interpreted to mean that the special appearance is available solely to establish that the Texas Court cannot, under the federal and state constitutions and the appropriate state statues, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled. Defective service or defective process, or even an attempt to bring the defendant before the court under the wrong statute does not authorize the use of the special appearance. *If the defendant attempts to make a special appearance to raise any of these contentions, then his appearance is a general one* . . . .

*Kawasaki*, 699 S.W.2d at 202 (quoting E. Wayne Thode, *IN PERSONAM JURISDICTION: Article 2031(b), The Texas Longarm Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Tex. L.Rev. 279, 312–13 (1964)) (emphasis added). The emphasized language indicates that a mere challenge to the method of service fails as a special appearance and constitutes a general appearance. However, we did not hold that a party waives a due process challenge for want of minimum contacts by challenging the method of service in the special appearance. To the contrary, although the defendant in *Kawasaki* had challenged the method of service in its special appearance, we did not suggest that the defendant had thereby waived its contest to jurisdiction based on minimum contacts. *See id.* at 200. Instead, we carefully reviewed the record of the defendant's contacts with the forum before holding the defendant was amenable to suit. *Id.* at 201, 203.

More recently, we considered whether an unsworn special appearance constituted waiver and a general appearance. *See Dawson–Austin v. Austin*, 968 S.W.2d 319

(Tex.1998). We held that it did not, because the defendant neither acknowledged the trial court's jurisdiction in any way nor sought court action other than a dismissal for lack of jurisdiction. *Id.* at 322–23. Likewise, in the present case GFTA challenged jurisdiction and did not seek the trial court's decision on any other matter. The court of appeals erred when it held that GFTA consented to suit.

Accordingly, without hearing oral argument, we reverse the judgment of the court of appeals and remand to that court to consider issues not reached by that court. Tex.R.App. P. 59.1.

Justice O'NEILL did not participate in the decision.