N803RA, INC., Appellant,

v.

Michael and Janelle HAMMER, Individually and d/b/a Aerodesigns, Appellees.

No. 01–98–01385–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 2000.

James A. Porter, Houston, for appellant.

H. Victor Thomas, Houston, for appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

ERIC ANDELL, Justice.

This is an appeal from the trial court's granting of the special appearance of appellees, Michael and Janelle Hammer, individually and d/b/a Aerodesigns. Appellant, N803RA, Inc., contends the trial court erred when it dismissed its suit alleging violations of statutory and common-law duties, and breach of contract and warranty. We are asked to decide whether (1) Aerodesigns' letter dated May 21, 1998, was a general appearance and (2) if it was not, whether Aerodesigns' contacts with Texas were sufficient to establish personal jurisdiction. We affirm.

## Facts

Appellees, Mike and Janelle Hammer d/b/a Aerodesigns, operators of a Florida-based business, entered into an agreement with N803RA, a Texas corporation, to refurbish N803RA's Falcon F10 aircraft for $35,000. Contract negotiations took place by phone and fax. The work was to be performed in Florida, after N803RA flew its plane to Aerodesigns in Florida. N803RA paid an initial deposit of $17,500, half of the total due, when the plane arrived in Florida. According to the contract, another 40% ($14,000) was to be paid upon completion of the work, with the remaining 10% due to be paid after N803RA inspected the plane. Upon completion of the work, N803RA paid Aerodesigns only $12,000, $2,000 less than the amount required by the contract. After inspecting the aircraft, N803RA claimed the work was deficient and sent the plane back for more work. Aerodesigns completed additional work and returned the aircraft to N803RA. N803RA refused to pay the remaining balance due, claiming that Aerodesigns was unwilling and incapable of fulfilling its contractual obligations.

N803RA filed suit for actual and special damages. In May 1998, Aerodesigns responded on company letterhead to Charles Bacarisse, District Clerk for Harris County. Aerodesigns denied the allegations and requested that the suit be dismissed. At the end of the letter, Aerodesigns noted that all work was performed in Florida, and none performed in Texas. In September 1998, Aerodesigns hired a Texas attorney and filed a verified special appearance and what is captioned "Original Answer." The trial court conducted a hearing on the issue of whether the May 21 letter constituted a general appearance. The court ruled that the letter was not a general appearance and sustained Aerodesigns' special appearance. The case was dismissed for want of jurisdiction. N803RA requested findings of fact and conclusions of law, which were not filed by the court.

N803RA challenges the dismissal of the case for want of jurisdiction.

## Special Appearance

■ On appeal from a special appearance, we review all evidence in the record to determine if the nonresident defendant negated all possible grounds for personal jurisdiction. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985); *General Elec. Co. v. Brown & Ross Int'l*, 804 S.W.2d 527, 529–30 (Tex.App.CHouston [1st Dist.] 1990, writ denied).

N803RA contends Aerodesigns' May letter was an answer that waived their special appearance. Special appearances are governed by Rule 120a of the Texas Rules of Civil Procedure. Every appearance before judgment that is not in compliance with this rule is a general appearance. TEX.R. CIV. P. 120a.

Aerodesigns wrote the May letter on company letterhead and addressed it to Charles Bacarisse, District Clerk of Harris County. The letter opens "In response to [Cause No. 9815039] we are providing the following *answer*." The Hammers, d/b/a Aerodesigns, identify themselves as Florida residents and business owners, provide a factual background, and ask the trial court to dismiss the suit because "appellant's claims for reason of suit are untrue and unwarranted." Aerodesigns also states as a reason for dismissal that all of the work was "performed in Florida." Michael and Janelle Hammer both signed the letter, but it is not sworn to. Later, Aerodesigns filed a verified special appearance.

■ We agree that the letter was an answer. Aerodesigns responded to the petition and asked the court to make a judgment on the case, which constitutes an answer. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992) (timely filed, signed letter from *pro se* defendant identifying parties, case, and defendant's current address, was an answer); *accord Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739, 741–42 (Tex.App.—Corpus Christi 1994, writ denied) (unverified, incomplete response signed by non-lawyer was answer); *Terehkov v. Cruz*, 648 S.W.2d 441, 443 (Tex. App.—San Antonio 1983, no writ) (*pro se* letter to clerk was answer).

■ N803RA also argues that because Aerodesigns was seeking an affirmative action from the trial court, its answer was a general appearance. A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction, or seeks affirmative action from the court on other issues. *Moore v. Elektro–Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied). Rule 120a(1) provides:

Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and *any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects.*

TEX.R. CIV. P. 120a(1). Thus, rule 120a(1) permits other pleas, pleadings, or motions to be contained in the same instrument used to challenge jurisdiction.

■ This Court has rejected the argument that a party waives its special appearance when it simultaneously asserts the doctrine of forum non conveniens. *General Elec. Co.*, 804 S.W.2d at 533. Because the defendants made the argument in support of the special appearance, they did not waive their special appearance. *Id.* Similarly, when a defendant objected to the plaintiff's method of service when it challenged minimum contacts, it did not waive its special appearance. *GFTA Trendanalysen v. Varme*, 991 S.W.2d 785, 786 (Tex.1999). The court noted that, had the challenge been *only* to the method of service, it would have constituted a general appearance. *Id.* However, the defendant neither acknowledged the trial court's jur-

isdiction nor sought court action other than a dismissal for lack of jurisdiction. *Id.* at 787.

Here, as in *GFTA Trendanalysen,* the affirmative action sought in the letter is a dismissal of the suit, in part because the Hammers live and work in Florida, and all work was performed there. The May 21 letter was signed by Michael and Janelle Hammer, but it was not verified. This defect was corrected in what is entitled "Defendant's First Amended Special Appearance and Original Answer," as permitted by rule 120a. TEX.R. CIV. P. 120a(1) (special appearance motion may be amended to cure defects); *Dawson–Austin v. Austin,* 968 S.W.2d 319, 321 (Tex.1998) (absence of verification is defect; amendment that adds verification cures special appearance).

■ Both the letter and the First Amended Special Appearance challenge the jurisdiction of a Texas court. Although the challenge is not artfully stated, Aerodesigns contended it did not belong in a Texas court for work that took place exclusively in Florida. *Pro se* pleadings should be liberally construed. *White v. Cole,* 880 S.W.2d 292, 294 (Tex.App.— Beaumont 1994, writ denied); *see also Letersky v. Letersky,* 820 S.W.2d 12, 14 (Tex. App.—Eastland 1991, no writ) (holding the statement "minimal contacts with Texas" questioned the court's jurisdiction). Aerodesigns challenged the jurisdiction of the Texas court by making the statement, "Aerodesigns performed all work on the N803RA aircraft in the state of Florida; no work was performed in the state of Texas." A challenge to jurisdiction is allowed in the same instrument as an answer without waiving a special appearance. *Morris v. Morris,* 894 S.W.2d 859, 862 (Tex.App.—Fort Worth 1995, no writ). The May 21 letter contains the necessary elements to make it an answer; however, because the answer contained a challenge to jurisdiction, Aerodesigns did not waive its special appearance.

## Exercise of Jurisdiction by a Texas court

■ A Texas court may exercise jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with the federal and state constitutional guarantees. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990).

### 1. The Texas Long-arm Statute

■ The Texas long-arm statute authorizes the exercise of jurisdiction over a non-resident "doing business" in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997). The broad language of the statute's requirement permits the statute to reach as far as the federal constitutional requirements will allow. *Guardian Royal Exch. Assurance v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991).

### 2. Federal Constitutional Due Process

Federal constitutional requirements of due process limit the power of the state to assert personal jurisdiction over nonresident defendants such as Aerodesigns. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413, 104 S.Ct. 1868, 1871–72, 80 L.Ed.2d 404 (1984). The United States Supreme Court divides the due process requirement into two parts: (1) whether the nonresident defendant has purposely established minimum contacts with the forum state; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985).

■ Minimum contacts analysis requires a determination of whether the nonresident defendant has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its law. *Guardian Royal,* 815 S.W.2d at 226. This "purposeful availment" requirement ensures that a nonresident defendant will

not be haled into a jurisdiction based solely upon "random," "fortuitous," or "attenuated" contacts or the "unilateral activity of another party or third person." *Id.* at 226 (citing *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2183). Minimum contacts analysis has been further divided into general and specific jurisdiction.

 General jurisdiction may be asserted when the cause of action does not arise from, or relate to, the nonresident defendant's purposeful conduct within the forum state, but there are continuous and systematic contacts between the nonresident and the forum state. *Guardian Royal,* 815 S.W.2d at 228. When general jurisdiction is asserted, the minimum contacts analysis requires a showing of substantial activities in the forum state. *Id.*

 N803RA argues that Aerodesigns initiated negotiations for the refurbishment of the aircraft. Further, N803RA states in its affidavit: (1) there were numerous phone conversations between the parties while N803RA was in Texas; (2) facsimiles were sent to Texas from Florida; (3) the contract was formed via fax; and (4) Aerodesigns received payments from N803RA drawn on a Texas bank, as well as a wire transfer from N803RA also drawn on a Texas bank. Aerodesigns does not deny the transactions occurred via phone and fax while N803RA was in Texas. Nor does it deny it accepted payments from N803RA by checks drawn on a Texas bank. However, Aerodesigns does deny it initiated negotiations with N803RA. In *Billingsley Parts and Equipment, Inc. v. Vose,* 881 S.W.2d 165, 169 (Tex.App.—Houston [1st Dist.] 1994, writ denied), this Court held that even if the nonresident defendant initiated contact with the Texas company, made numerous phone calls to the company over a period of one year, and was paid commissions by checks drawn on a Texas bank, that was still not enough to support a finding of general jurisdiction. *See also Shearson Lehman Brothers, Inc. v. Hughes, Hubbard, & Reed,* 902 S.W.2d 60, 64 (Tex.App.—Houston [1st Dist.] 1995, no writ) (holding no jurisdiction, because contacts between a nonresident and Texas were far more limited than those rejected in *Billingsley* ). An examination of Aerodesigns' contacts with Texas shows they were virtually the same as those in *Billingsley.* We hold that Aerodesigns' contacts with Texas were not so systematic or continuous to serve as the basis for general jurisdiction in a Texas court.

 For specific jurisdiction to be asserted, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state to satisfy the minimum contacts requirement. *Guardian Royal,* 815 S.W.2d at 227. The contact between the nonresident defendant and the forum state must have occurred as a result of the nonresident defendant's purposeful conduct, and not the unilateral activity of the plaintiff or others. *Id.* at 227. When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationships between the defendant, the forum, and the litigation. *Id.* at 228. Both N803RA and Aerodesigns claim the other initiated the negotiations. What is not disputed is that N803RA flew the aircraft to Florida. The work on the aircraft was performed in Florida. N803RA had the plane picked up from Aerodesigns in Florida. The check was sent to Aerodesigns in Florida. The Hammers, d/b/a Aerodesigns, are residents of Florida. Aerodesigns does not engage in business in Texas, nor does it maintain a place of business in Texas. It has no employees, servants, or agents within Texas. The only contacts Aerodesigns has had with Texas is this contract with N803RA. This is not enough to establish minimum contacts with the state or establish specific jurisdiction. To bring Aerodesigns into a Texas court would offend traditional notions of fair play and substantial justice.

We affirm the judgment of the trial court.