.                                                            11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Tri-State Consumer
Insurance Company and Penny Hart                      

Appellants

Vs.                   No.
11-02-00125-CV B Appeal from Dallas County

Property & Casualty
Management Systems, Inc.

Appellee

 

Tri-State
Consumer Insurance Company and Penny Hart appeal the trial court=s denial of their special appearance.  Property & Casualty Management Systems,
Inc. (PCMS) contends that Tri-State and Hart waived their special appearance by
filing a motion that seeks affirmative relief. 
We agree with PCMS and affirm. 

Tri-State
is an underwriter of insurance exclusively in the state of New York, and its
principal place of business is in New York. 
Hart is the president of Tri-State. 
PCMS is a Texas corporation with its principal place of business in
Texas. 

PCMS
brought this suit against Tri-State and Hart alleging: (1) a sworn account; (2)
breach of an oral contract; and (3) fraud in the inducement.  Tri-State and Hart filed a special
appearance to contest personal jurisdiction. 
The trial court overruled Tri-State and Hart=s special appearance. 

Before the
hearing on their special appearance, Tri-State and Hart filed a motion to stay
proceedings in this cause and to compel arbitration.  The motion requested that the trial court order PCMS to submit
its claims to arbitration and stay these proceedings.  The trial court determined in its findings that AThe Defendants= Motion to Stay Proceedings and to Compel Arbitration was not filed >subject to= their special appearance, but no hearing has been requested on the
motion.@  PCMS
claims that by filing the motion, appellants waived their special appearance.








A
defendant may file motions after the special appearance so long as the document
neither acknowledges the trial court=s jurisdiction in any way nor seeks court action other than a dismissal
for lack of jurisdiction.  GFTA
Trendanalysen B.G.A. Herrdum GMBH & Company, K.G. v. Varme, 991 S.W.2d 785,
786-87 (Tex.1999);  Dawson-Austin v.
Austin, 968 S.W.2d 319, 322 (Tex.1998).  
A party enters a general appearance whenever it invokes the judgment of
the court on any question other than the court=s jurisdiction.  If a defendant=s act recognizes that a cause is properly
pending or seeks affirmative action from the court, that is a general
appearance.  Dawson-Austin v. Austin,
supra at 322; Liberty Enterprises, Inc. v. Moore Transportation Company, Inc.,
690 S.W.2d 570, 571-72 (Tex.1985); Moore v. Elektro-Mobil Technik GmbH, 874
S.W.2d 324, 327 (Tex.App. B El Paso 1994, writ den=d);  Letersky v. Letersky, 820
S.W.2d 12, 13 (Tex.App. B Eastland 1991, no writ).      A motion to compel arbitration seeks
affirmative relief and recognizes a trial court=s jurisdiction.  Fridl v. Cook,
908 S.W.2d 507, 515 (Tex.App. B El Paso 1995, writ dism=d w.o.j.).  Therefore, Tri-State
and Hart, by filing their motion to compel arbitration, waived their special
appearance. 

This
Court=s Ruling

We affirm
the trial court=s denial of Tri-State and Hart=s special appearance.

 

TERRY McCALL

JUSTICE

 

January 23, 2003

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.