Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00150-CV 

                                                    __________

 

                                D=JUANA FORSTER PARR, Appellant

 

                                                             V.

 

                                         BRIAN
K. PARR, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 3

 

                                                   Montgomery 
County, Texas

 

                                              Trial
Court Cause No. 05-03-02028

 



 

                                             M E M O R A
N D U M   O P I N I O N                    

 

D=Juana Forster Parr appeals
from the trial court=s
order granting Brian K. Parr=s
special appearance and dismissing D=Juana=s divorce action with
prejudice. We modify and affirm.

D=Juana filed a divorce
action in Montgomery County on April 11, 2005, naming Brian as respondent.  The
trial court received a letter from Brian on June 7, 2005, in which he stated:

I
am faxing to you documentation verifying that the named parties have been
divorced since May 3, 2001.  Please contact me immediately upon receipt of this
letter once the documentation has been reviewed by the Court.

 








Brian sent a
copy of the parties=
final decree of divorce issued in Harris County.  Brian filed a special
appearance on June 8, 2005, challenging the personal jurisdiction of the
Montgomery County Court and arguing  that venue was not proper in Montgomery
County.   Bryan further alleged that the 247th Judicial District Court of
Harris County maintained exclusive jurisdiction over the matter.  After a
hearing on the special appearance, the trial court entered an order in which it
found  that:

[T]he 247th Judicial
District Court of Harris County, Texas has continuing, exclusive jurisdiction 
over the Child the subject matter of this suit and also FINDS that the 247th
District Court has never lost continuing, exclusive jurisdiction of the Child. 
This Court further FINDS that these parties were never remarried after the
247th Judicial District Court of Harris County, Texas signed a Final Divorce
Decree on May 8, 2001. 

 

The trial court
sustained Brian=s
special appearance and dismissed the divorce petition with prejudice.  It is
from this order that D=Juana
appeals.

In
two issues on appeal, D=Juana
argues that Brian waived his special appearance.  D=Juana first contends that Brian waived his
special appearance by filing a pleading with the trial court one day prior to
filing his motion for special appearance. 
Tex. R. Civ. P. 120a provides that a special appearance Ashall be made by sworn
motion filed prior to motion to transfer venue or any other plea, pleading or
motion.@  D=Juana argues that Brian=s June 7 letter with the
attached copy of the divorce decree was a pleading seeking to have the cause
dismissed and that, therefore, Brian waived his special appearance.  

To
constitute an answer or an appearance, an act of a party in an action must seek
a judgment or an adjudication by the court on some question.  Letersky v.
Letersky, 820 S.W.2d 12, 14 (Tex. App.CEastland
1991, no writ).  A general appearance is entered whenever a party invokes the
judgment of the court on any question other than that of the court=s jurisdiction.  Dawson-Austin
v. Austin, 968 S.W.2d 319, 322 (Tex. 1998);  Letersky, 820 S.W.2d at
14.  Within narrow limits, a party may take certain actions relating to the
case without entering an appearance under the theory that such actions do not
recognize or invoke the court=s
power in the action.  Austin, 968 S.W.2d at 322;  Letersky, 820
S.W.2d at 14.   Brian did not seek a judgment or adjudication by sending the
trial court a letter and a copy of the final decree of divorce.   Brian did not
make a general appearance, and he did not waive his special appearance.  D=Juana=s first issue on appeal is
overruled.








D=Juana next argues that
Brian waived his special appearance by seeking affirmative relief prior to
obtaining a ruling on his special appearance.  In his motion for special
appearance, Brian challenged the jurisdiction of the Montgomery County Court
and, subject to the special appearance, made other allegations and requested
relief.  A special appearance shall be made by sworn motion prior to filing any
other pleading or motion, and Aa
motion to transfer venue and any other plea, pleading, or motion may be
contained in the same instrument.@ 
Rule 120a.  D=Juana
contends that Brian sought affirmative relief prior to obtaining a ruling on
his special appearance in violation of  Rule 120a(2).  The trial court held a
hearing on the special appearance and later issued an order sustaining the
special appearance and dismissing the divorce action.  The record does not
support D=Juana=s argument that Brian
waived his special appearance under Rule 120a(2).  D=Juana=s
second issue on appeal is overruled.

In
her third issue on appeal, D=Juana
argues that the trial court erred in dismissing the divorce action in the same
order in which it sustained Brian=s
special appearance.  In its order, the trial court  states that the special
appearance Ais
sustained and that the above referenced divorce action is dismissed with
prejudice.@   An order
dismissing claims for lack of personal jurisdiction precludes relitigation of
the jurisdictional issues that were actually litigated and essential to the
dismissal;  however, such an order does not preclude a second action asserting
the same claims in a court that can establish personal jurisdiction based on
issues that were not decided in the first action.  See  Ruhrgas AG v.
Marathon Oil Co., 526 U.S. 574, 585 (1999); Nguyen v. Desai, 132
S.W.3d 115, 118 (Tex. App.CHouston 
[14th Dist.] 2004, no pet.).  A dismissal of a suit for lack of personal
jurisdiction does not always preclude the assertion of personal jurisdiction in
a second suit involving the same or similar claims.  Nguyen, 132 S.W.3d
at 119.   In its order, the trial court should have sustained the special
appearance and dismissed the claim for lack of personal jurisdiction.  See
id. D=Juana=s third issue on appeal is
sustained.  

We
modify the order to reflect that Brian=s
special appearance is sustained and that the cause is dismissed for lack of
personal jurisdiction.  The order, as modified, is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

December 20,
2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.