**Opinion issued December 19, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00515-CV

_____

**MICHAEL SKINNER, Appellant**

**V.**

**PAMELA SKINNER, Appellee**

On Appeal from the 257th District Court
Harris County, Texas
Trial Court Case No. 1213030

## MEMORANDUM OPINION

Michael Skinner appeals a trial court's judgment dismissing his divorce proceeding after granting his estranged wife's special appearance. In his sole issue, Michael argues that his wife Pamela, who lives in Florida, waived her right to a

special appearance by submitting a letter to the district clerk that requested a dismissal before she filed her verified special appearance. We affirm.

## Background

Michael and Pamela are a married couple from Orlando, Florida. After more than 20 years of marriage, Michael moved to Texas, eventually filing for divorce in Harris County. Pamela—who never left Florida—was served citation there. The divorce petition did not allege any jurisdictional facts to establish personal jurisdiction over Pamela in the Texas court.

Pamela wrote a letter to the district clerk stating that she did not have an attorney, acknowledging that she had 20 days to file an answer to Michael's petition, stating that she did not plan to miss that deadline, but including a statement that she was "requesting a motion to Dismiss the Petition for Divorce under the grounds that I need a change of venue and need the case tried in Orlando Florida." She gave the following reasons in support of dismissal:

> The Petitioner Mike Skinner and I have resided in Orlando FL since 2003 and we presently have Real Property here in Orlando including the marital home as well as all marital debt actively in both our names.
> 
> .  .  .
> 
> I am NOT able to proceed in any way with a divorce that is not in Orlando where we both have lived and still have existing property, vehicles, and debts.

Within the 20-day answer period, Pamela retained an attorney and filed two pleadings: Respondent's Special Appearance and Original Answer Subject To

2

Respondent's Special Appearance. In the sworn pleading, Pamela again stated that she and all marital assets were in Florida. She also asserted that there was an on-going divorce proceeding in the Florida court system involving the couple in which she sought spousal support, and she declared that she had never been to Texas and had no contacts with the state.

Michael filed a response arguing that the special appearance should be denied because Pamela's letter "constitute[d] a general appearance and waive[d the] right to specially appear" because it contained a motion to dismiss and a motion to transfer venue. The trial court sustained the special appearance and dismissed the case. Michael appeals that ruling.

## Standard of Review

Whether a nonresident is subject to personal jurisdiction in Texas is a question of law we review de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Likewise, we review a trial court's ruling on waiver of a special appearance de novo. *Moore v. Pulmosan Safety Equip. Corp.*, 278 S.W.3d 27, 32 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam)).

## Special appearance law

A court may assert personal jurisdiction over a nonresident defendant only if the requirements of the Due Process Clause of the Fourteenth Amendment to the

3

U.S. Constitution and the Texas long-arm statute both are satisfied. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). These require a showing that the nonresident has minimal contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)).

The plaintiff has the initial burden of pleading sufficient allegations to bring the nonresident defendant within the personal jurisdiction of the Texas court. *BMC Software Belgium*, 83 S.W.3d at 973. If the plaintiff fails to plead facts bringing the defendant within the reach of the long-arm statute, the defendant can defeat personal jurisdiction simply by proving she does not live in Texas. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658–59 (Tex. 2010).

A challenge to personal jurisdiction is raised through a special appearance, in which the defendant alleges, through a sworn motion, facts to establish that the court does not have personal jurisdiction over her. TEX. R. CIV. P. 120a. Under the "due-order-of-pleadings" rule, a special appearance must be made "prior to motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a; *Exito Elec. Co., Ltd.*, 142 S.W.3d at 305–06 (discussing due-order-of-pleading requirement). Any motion that invokes the judgment of the court on a non-jurisdictional question, recognizes the jurisdiction of the court over the party, or

seeks affirmative action from the court is considered a general appearance and waives the defendant's ability to obtain dismissal through a special appearance. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998); *Moore*, 278 S.W.3d at 32.

There remains a "narrow" ability to take action in a case before asserting a special appearance without making a general appearance. *Letersky v. Letersky*, 820 S.W.2d 12, 13–14 (Tex. App.—Eastland 1991, no writ). The filing of a document that does not seek affirmative relief outside of the limited issue of the jurisdiction of the court does not waive a special appearance. *See, e.g., Moore v. Elektro-Mobil Tecknik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied) (holding that defendant did not seek affirmative action, and therefore did not enter general appearance, by sending letter to court stating defendant would be filing motion to dismiss and inquiring whether local counsel was necessary); *Exito Elec. Co., Ltd.*, 142 S.W.3d at 306 (holding that Rule 11 agreement signed by defendant's attorney agreeing that defendant would have additional time to respond to motion did not waive special appearance because it did not seek affirmative action by trial court).

In *Letersky*, a United States serviceman was married to a foreign citizen who lived in Scotland with the couple's minor children. 820 S.W.2d at 13. The serviceman filed for divorce in Texas and argued that his wife waived special

appearance by sending a letter to the district clerk where the suit was pending. *Id.* The letter informed the clerk that there was a pending divorce proceeding in Scotland through which she already had been awarded temporary custody of the children, asserted that she had only minimal contacts with Texas, and informed the clerk that her attorney in Scotland would be contacting the court soon thereafter. *See id.* The appellate court affirmed the trial court's grant of the special appearance, holding that the foreign wife's letter "questioned both the court's subject matter and in personam jurisdiction. The letter did not seek a judgment or any adjudication by the court." *Id.* at 14. Thus, correspondence with a district clerk that questions the jurisdiction of the court over the party, without seeking any court adjudication, does not waive a special appearance. *See id.*

Michael argues that Pamela's letter to the district clerk did more for several reasons: (1) it is a motion to dismiss and not a special appearance; (2) it is an unsworn pleading; (3) it is an answer; and (4) it seeks affirmative relief from the court by "ask[ing] for both a dismissal and for a transfer of venue." We will address each of these challenges in turn.

### Pamela's letter is a special appearance

Michael takes the position that the letter is a motion to dismiss which, he argues, waives the special appearance she subsequently filed with assistance of counsel. We disagree.

The nature of a pleading is not determined by its title or individual words it contains, but by reviewing the pleading as a whole. *See* TEX. R. CIV. P. 71 (concerning misnomer of pleading); *Huynh v. Nguyen*, 180 S.W.3d 608, 616–17 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, we look "at the substance of the pleading." *Id.* (concluding that pleading entitled "Motion to Dismiss" was actually "a special appearance because it [sought] dismissal based on lack of personal jurisdiction"); *N803RA, Inc. v. Hammer*, 11 S.W.3d 363, 366 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (dismissing case after Florida defendant sent letter to district clerk seeking "dismissal" based on greater contacts with Florida and court treated letter as special appearance); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (substance of pleading controls over title or form); *Houston Lighting & Power Co. v. Klein Indep. Sch. Dist.*, 739 S.W.2d 508, 514 (Tex. App.—Houston [14th Dist.] 1987, writ denied) (substance of pleading is determined by effect it would have on proceeding if granted).

In *N803RA*, a Texas entity contracted with the Hammers, who lived and worked in Florida, to refurbish its aircraft. 11 S.W.3d at 365. The Texas entity had its plane flown to Florida for the Hammers to begin the repairs. A dispute arose, and the Texas plaintiff sued the Hammers in Harris County, Texas. The Hammers sent a signed, but unsworn, letter to the Harris County district clerk denying the allegations against them and requesting that the suit be dismissed. *Id.* In the letter,

7

they stated that they performed all work in Florida and none in Texas. The Hammers subsequently hired a Texas attorney who filed a verified special appearance and answer. After the trial court granted the special appearance and the Texas plaintiff appealed, the appellate court ruled that (1) the letter was an answer, (2) the only affirmative action sought was a dismissal based on jurisdictional grounds, making it also a special appearance, (3) the unsworn letter was properly amended to include a verification when defendants later filed an amended special appearance, and (4) the trial court correctly granted the special appearance. *See id.* at 366–68.

Pamela's letter challenges the appropriateness of a Texas court asserting jurisdiction over her divorce, listing her Florida residency, the parties' multiple contacts with that state, and the parties' marital property there. She phrased the letter as a motion to dismiss instead of a special appearance; however, she was challenging the court's personal jurisdiction. We, therefore, treat the letter as a special appearance. *See* TEX. R. CIV. P. 120a(4) (the court should "enter an appropriate order" when it sustains objection to jurisdiction); *N.H. Helicopters, Inc. v. Brown*, 841 S.W.2d 424, 425 (Tex. App.—Dallas 1992, no writ) ("If the trial court sustains the special appearance, it may dismiss the case against the objecting defendant."); *N803RA, Inc.*, 11 S.W.3d at 366 (dismissing case after sustaining Florida defendant's special appearance raised in letter to district clerk

seeking "dismissal"); *cf.* FED. R. CIV. P. 12(b)(2) (providing that a party may challenge personal jurisdiction through a motion to dismiss).

**The original special appearance could be amended to correct its defects**

Michael also argues that the special appearance was waived because Pamela's letter was an unsworn pleading, in violation of rule 120a's requirement that a special appearance be a sworn document. TEX. R. CIV. P. 120a. He relies on a 1967 decision, *Austin Rankin Corp. v. Cadillac Pool Corp.*, 421 S.W.2d 733 (Tex. App.—Beaumont 1967, no writ), in which the defendants filed an unsworn motion to dismiss for lack of jurisdiction. *Id.* at 733. That court noted that Rule 120a—setting forth the requirements of a special appearance—mandated that a pleading challenging the court's personal jurisdiction be sworn, and that the defendants' motion was not. *Id.* at 734. As a result, the appellate court ruled the "defendants made a general appearance by filing their unsworn motion to dismiss." *Id.*

Rule 120a has been revised since 1967 to permit a defendant to amend his pleading challenging personal jurisdiction to cure defects in that pleading. TEX. R. CIV. P. 120a (stating that a special appearance "may be amended to cure defects" without specifying or limiting types of defects that can be cured); *Dennett v. First Cont. Inv. Corp.*, 559 S.W.2d 384, 385 (Tex. App.—Dallas 1977, no writ) (holding that unsworn special appearance may be amended to cure defect and prevent waiver); Ernest E. Figari, Jr., CIVIL PROCEDURE, 45 Sw. L.J. 73, 79–80 (1991)

9

(explaining that holding in *Austin Rankin* was based on prior version of rule which was subsequently amended to permit amendment of special appearance pleadings to cure defects). Under the current version of the rule, a plaintiff whose initial filing challenging jurisdiction has some defect may correct the defect and avoid waiver. *Cf. Dennett*, 559 S.W.2d at 385.

Any defect in Pamela's initial special appearance—including the lack of a verification—was cured through the subsequent filing of a sworn special appearance challenging the court's personal jurisdiction. *See* TEX. R. CIV. P. 120a (permitting amendment to cure defects); *see also Moore*, 278 S.W.3d at 34 (finding that initial unsworn motion gave plaintiff "fair notice of [defendant's] intent to challenge personal jurisdiction," that the pleading was not required to include magic words to be a special appearance, and that it was properly amended by subsequent special appearance to avoid general appearance; also finding persuasive that subsequent sworn special appearance "did not assert a wholly new ground for lack of personal jurisdiction").

Thus, the letter's failure to include an oath was properly corrected through a subsequent sworn special appearance filed with the assistance of counsel and did not result in a general appearance.

**Whether the letter was also an answer is irrelevant**

Michael argues that the letter should be treated as an answer to his petition which, he argues, waived Pamela's subsequent special appearance. Again we disagree.

Whether the letter was also an answer does not alter our conclusion of non-waiver. [1] A party is permitted to file a special appearance in the same instrument as its answer. *See* TEX. R. CIV. P. 120a; *N803RA, Inc.*, 11 S.W.3d at 366 (holding that pro se plaintiff's letter to court was both special appearance and original answer and did not waive special appearance); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied) (holding that pro se pleadings should be liberally construed); *Letersky*, 820 S.W.2d at 14 (holding that letter addressing minimal contacts with Texas was questioning personal jurisdiction and did not waive subsequently filed special appearance).

**The letter did not seek an adjudication within the meaning of rule 120a**

Lastly, Michael argues that a "motion to dismiss" is treated by the courts as a request for affirmative relief and a general appearance, relying on *Klingenschmitt v. Weinstein*, 342 S.W.3d 131 (Tex. App.—Dallas 2011, no pet.). We do not read

---

[1] We note that Pamela specifically states in her letter addressed to the district clerk that she is aware she has 20 days to answer the petition, questions if the clerk will be responding to her letter before this date, and affirms that she does not want to miss the deadline or default by waiting to answer until she receives a reply. Because it is unnecessary to decide whether the letter was an answer, we decline to do so.

the case so broadly. That defendant sought dismissal, with prejudice, of the plaintiff's claim against him. *Id.* at 134. After the court denied the motion to dismiss, the defendant sought a hearing on his special exceptions. *See id.* While noting that the defendant did not violate the due-order-of-pleadings rule, the court found that he violated the "due-order-of-hearing" rule by setting the hearing on the motion to dismiss with prejudice before the hearing on the special exceptions. *See id.* at 134–35. The appellate court explained:

> Inconsistent with his special appearance, in his motion to dismiss . . . Klingenschmitt sought affirmative relief from the trial court in the form of a dismissal with prejudice of the Weinsteins' claims against him. A dismissal with prejudice is an adjudication on the merits. A dismissal with prejudice operates as a final determination on the merits. Further, in his motion to dismiss . . . Klingenschmitt sought dismissal based on the Weinsteins' purported failure to comply with the trial court's order that the Weinsteins plead allegations regarding their [underlying] claims . . . . Klingenschmitt makes no assertion that those alleged pleading deficiencies on the part of the Weinsteins are related to his special appearance . . . . The hearing on the motion to dismiss . . . preceded the hearing on Klingenschmitt's special appearance and violated the due-order-of-hearing requirement of rule 120a.

*Id.* at 134–35 (internal citations omitted).

Here, Pamela's letter requesting dismissal is distinguishable from the *Klingenschmitt* motion to dismiss because (1) Pamela did not seek a dismissal with prejudice, and (2) the dismissal she did request was consistent with her special appearance which listed the overwhelming contacts the parties and their property had with Florida. The *Klingenschmitt* holding does not apply.

Likewise, the venue case on which Michael relies is distinguishable. *See Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759 (Tex. App.—Corpus Christi 1999, pet. denied). There, the defendant challenged the plaintiff's standing to sue under the Texas wrongful death and survival statute without filing a special appearance or challenging denial of a motion to transfer venue. The court did not address personal jurisdiction; instead, it focused on the plaintiff's standing to sue. *Id.* The case is inapplicable to our analysis of Pamela's letter seeking to move her divorce proceeding to Florida through a process she incorrectly labeled a "change in venue." *Cf.* TEX. R. CIV. P. 86 (noting that a motion to transfer venue seeks transfer to another Texas county, not an out-of-state location). As discussed previously, Pamela's request constitutes a special appearance, and the use of the phrase "change in venue" does not act to waive her right to challenge personal jurisdiction. *See White*, 880 S.W.2d at 294) (holding that pro se pleadings should be liberally construed); *Letersky*, 820 S.W.2d at 14 (holding that letter addressing minimum contacts did not waive special appearance).

### Conclusion

We conclude that the letter Pamela sent to the district clerk did not waive her special appearance. Because Michael did not plead any jurisdictional facts, Pamela satisfied her burden of demonstrating that the Texas court lacked personal

jurisdiction over her when she asserted that she resides in Florida. *Kelly*, 301 S.W.3d at 658–59.

Accordingly, the trial court did not err dismissing Michael's case following the grant of the special appearance. We overrule Michael's sole issue and affirm the trial court's ruling.

                                        Harvey Brown
                                        Justice

Panel consists of Justices Jennings, Sharp, and Brown.