# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00561-CV

---

**Djoulou K. Caldwell, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-20-001493, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Djoulou K. Caldwell appeals from the district court's order granting the Texas Department of Public Safety's motion to quash service of citation. However, this Court's appellate jurisdiction is limited to appeals of final judgments and certain interlocutory orders made appealable by statute. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). On January 6, 2021, the Clerk of this Court advised appellant that it appears this Court lacks appellate jurisdiction over this matter because the clerk's record does not contain a final judgment or appealable order. The Clerk requested that Caldwell file a response by January 19, 2021, demonstrating how we may exercise jurisdiction over this appeal.

Caldwell did not file a response, but a single line of his brief (filed before this Clerk's notice was sent) states that "this Court has jurisdiction to hear this appeal pursuant to

Tex. Civ. Prac. & Rem. Code 51.014(a)(8) in light of the Lower Court's in personam jurisdictional findings[.]" *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing appeal of interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit"). The supreme court has held that a "plea to the jurisdiction" does not "refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (per curiam). The "issue raised" in a plea to the jurisdiction is whether the court has power to decide a particular dispute. *See, e.g.*, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("A plea to the jurisdiction is a dilatory plea whose purpose is to defeat a claim on jurisdictional grounds regardless of the claim's merit."). To the extent Caldwell argues that the Department's motion to quash was a plea to the jurisdiction, we disagree.

To decide a case, a court must possess both "subject matter jurisdiction over the controversy and personal jurisdiction over the parties." *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). Personal jurisdiction depends "upon citation issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The Department argued in its motion to quash that Caldwell failed to follow the procedure for serving the Department; however, challenging curable defects in service in a motion to quash does not defeat a suit on jurisdictional grounds. On the contrary, by filing a motion to quash, a party makes a general appearance and consents to the trial court's jurisdiction. *See* Tex. R. Civ. P. 122 (providing that defendant who successfully moves to quash service will be deemed to enter general appearance after expiration of twenty days); *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999) (per curiam) (observing that "a mere challenge to the method of service fails as a special

appearance and constitutes a general appearance"); *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (explaining that defendants "may move to quash the citation for defects in the process, but [their] only relief is additional time to answer rather than dismissal of the cause"). We therefore conclude that the Department's motion to quash was not a "plea to the jurisdiction" for purposes of Section 51.014(a)(8). *See Eastland County Appraisal Dist. v. Peninsula Pipelines (N. Tex.), LLC*, 594 S.W.3d 383, 385 (Tex. App.—Eastland 2019, no pet.) ("If a pleading does not raise an issue that can be jurisdictional, then it is not a 'plea to the jurisdiction' for purposes of an interlocutory appeal.").

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(f).

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Dismissed for Want of Jurisdiction

Filed: August 4, 2021

3