

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-22-00235-CV

TIM BARKLEY AND TERESA BARKLEY, APPELLANTS

V.

JAMES CONNELLY AND KIKI CONNELLY, APPELLEES

On Appeal from the County Court
Hansford County, Texas
Trial Court No. CV00893, Honorable Benny D. Wilson, Presiding

June 13, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellants Tim and Teresa Barkley appeal from a judgment for possession entered against them in a forcible detainer action brought by appellees James and Kiki Connelly. We affirm the judgment of the trial court.

## BACKGROUND

This case arises from the sale of the Barkleys' Hansford County farm to the Connellys. The Barkleys completed the transfer of their interest in the property to the Connellys in November of 2018 but did not vacate the property. The Barkleys desired to repurchase a portion of the 960-acre farm, but the Connellys did not wish to sell. Eventually, the Barkleys filed suit against the Connellys claiming they were entitled to title of the property. After the trial court issued a final judgment in favor of the Connellys in that lawsuit,[1] the Connellys brought a forcible detainer action in justice court against the Barkleys, seeking to evict them from the property. After a judgment was entered in favor of the Connellys, the Barkleys appealed to the county court, which also found in favor of the Connellys. The Barkleys then appealed to this Court seeking to set aside the judgment.

## FORCIBLE DETAINER ACTION

In three issues, the Barkleys challenge the sufficiency of notice, the validity of the citation, and the trial court's jurisdiction.

Notice

By their first issue, the Barkleys contend that the Connellys failed to introduce evidence of a notice served on them which complied with the Texas Property Code. Proper notice is an element of a forcible detainer action. *See* TEX. PROP. CODE ANN. §§ 24.002, 24.005. A party seeking possession in a forcible detainer cause of action must

---

[1] That judgment was affirmed by this Court in Cause Number 07-22-00144-CV.

2

strictly comply with the statutory requirements. *Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

However, the Barkleys have not directed this Court to any written pleading, motion, or objection raising this point in the trial court, and our own review of the record reveals no argument related to notice. In order for a party to present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see also T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992) (listing ways to preserve no-evidence point). If a party fails to do so, the issue is not preserved and may not be made on appeal. TEX. R. APP. P. 33.1(a)(1). Because the Barkleys' first issue was not preserved, we may not consider it on appeal. *See Bell v. Mortgage Elec. Registration Sys., Inc.*, No. 05-06-00427-CV, 2007 Tex. App. LEXIS 2374, at *10–12 (Tex. App.—Dallas Mar. 28, 2007, no pet.) (mem. op.) (in forcible detainer suit, complaints not presented to trial court, including complaint regarding purported deficiency in eviction notice, waived on appeal). Accordingly, we overrule this issue.

Citation

The Barkleys assert in their second issue that the Connellys failed to serve them with a proper citation and that citation should have been quashed. The Connellys contend that the Barkleys waived their complaints regarding citation by their appearance in both the justice court and the county court.

Ordinarily, when a party makes a general appearance, the party is considered to have consented to the personal jurisdiction of the trial court and to have effectively waived

3

any complaint as to service. *N.J. v. Tex. Dep't of Fam. & Protective Servs.*, 613 S.W.3d 317, 321 (Tex. App.—Austin 2020, no pet.). Here, the Barkleys made a general appearance by appearing and participating in the justice court proceedings and the de novo trial in the county court. *See* TEX. R. CIV. P. 120, 121. Even if we disregard the Barkleys' participation in the justice court, we conclude that their appearance in the trial de novo in county court waived any complaint as to service of process because, upon the perfection of their appeal from justice court to county court, the Barkleys filed a plea to the jurisdiction, motion to quash citation, and subject thereto, original answer. *See In re A.L.H.*, 515 S.W.3d 60, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Filing an answer constitutes a general appearance, thereby dispensing with the need for the issuance of service of citation and waiving any complaints about service."); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) ("In general, a party's personal appearance before a trial court indicates a submission to the court's jurisdiction, constituting a general appearance and therefore, waiving any complaint as to service.").

The Barkleys did not file a special appearance challenging personal jurisdiction. Moreover, the motion to quash does not function as a special appearance. *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co., K.G. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999) (per curiam). If no special appearance has been properly urged, an attack on defective service constitutes a general appearance. *Id.*; *see also Roberts v. Mariner Vill. Condo. Ass'n, Inc.*, No. 14-16-00021-CV, 2017 Tex. App. LEXIS 118, at *2 (Tex. App.— Houston [14th Dist.] Jan. 10, 2017, no pet.) (mem. op.) (stating "by filing a motion to quash citation, a defendant appears in the case"). Because the Barkleys did not challenge the trial court's jurisdiction over them before filing their motion to quash and answer, they

4

made a general appearance and the trial court acquired personal jurisdiction over them. Therefore, we overrule the Barkleys' second issue.

Jurisdiction

By their final issue, the Barkleys argue that the trial court did not have jurisdiction over this matter while an appeal of the title issue was pending. They contend that the trial court should have abated this case pending appellate resolution of the title dispute.

The only issue in an action for forcible detainer is the right to actual possession of the premises. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). The jurisdiction of a forcible detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. TEX. PROP. CODE ANN. § 24.004(a); TEX. R. CIV. P. 510.10(c).

Forcible detainer actions are cumulative of any other legal remedy a party may have, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.). If it becomes apparent that a genuine issue of title exists in a forcible detainer action, a justice court or county court does not have jurisdiction over the matter. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). On the other hand, if the issues of title and possession are not so intertwined, "a forcible-detainer suit in justice court may

5

run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Matters relating to possession may overlap in the two proceedings without affecting the county court's jurisdiction to determine immediate possession because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Id.* (emphasis in original) (quoting *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi—Edinburg 2002, no pet.)).

We conclude that the issues of title and possession in this case are not so interconnected to preclude the county court from determining the right to immediate possession. After conveying all their interest in the property to the Connellys by warranty deeds, the Barkleys filed suit in district court alleging various theories and claims to the property. Following the district court's entry of judgment in the Connellys' favor, the Connellys initiated this forcible detainer action in justice court to evict the Barkleys. The Connellys filed deeds showing their ownership of the property with their forcible detainer action.

On this record, the deeds the Connellys filed are prima facie evidence of their title to the disputed property. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) ("Deeds obtained by fraud are voidable rather than void, and remain effective until set aside."). The mere existence of a title dispute in district court did not divest the county court of jurisdiction to determine who had the right to immediate

6

possession of the property.  *See Nguyen*, 229 S.W.3d at 437; *see also Cook v. Mufaddal Real Estate Fund*, No. 14-15-00651-CV, 2017 Tex. App. LEXIS 2876, at *8–9 (Tex. App.—Houston [14th Dist.] Apr. 4, 2017, no pet.) (mem. op.) (challenges to validity of foreclosure sale do not deprive justice or county court of jurisdiction in forcible detainer action because plaintiffs in such actions need only present sufficient evidence of ownership to demonstrate superior right to immediate possession to prevail).  The county court properly retained the forcible detainer action.  Therefore, we overrule the Barkleys' third issue.

## CONCLUSION

Having overruled the Barkleys' three issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker<br>
Justice