Opinion issued March 26, 2009



 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00618-CV






JAMES O. OKORAFOR, Appellant


V.


FRANK WILL JEFFREYS, Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2006-04757






MEMORANDUM OPINION


 Appellant, James O. Okorafor, appeals a post-answer default judgment entered
against him on a claim of legal malpractice. In five issues, Okorafor argues that 

(1) the trial court erred in denying his motion for new trial because he did not receive
notice of the trial setting; (2) the trial court erred in denying his motion for new trial
because he met the three prongs of the Craddock test; (3) the evidence presented at
trial was legally and factually insufficient to sustain the judgment; (4) the trial court
erred in adopting Jeffrey's findings of fact; and (5) the judgment entered against him
is either void ab initio or voidable.

 We affirm the judgment of the trial court. 

Background

 Appellee Frank Will Jeffreys ("Jeffreys") filed suit against appellant James O.
Okorafor ("Okorafor") on a claim of legal malpractice. Jeffreys filed his original
petition on January 24, 2006 and Okorafor filed an answer on April 11, 2006.

 A written notice of the trial setting of February 19, 2007 was sent to both
parties on February 13, 2007. The trial court's file also reflected that the parties "had
been previously told that they were on a two-week docket beginning February 12,
2007 and that [the scheduling order ] was issued on April 20, 2006." Okorafor filed
a motion for continuance on February 14, 2007, but he never set the motion for a
hearing.

 After calling for Okorafor to appear at trial on February 19, 2007, the trial court
commenced the trial and heard testimony from Jeffreys. Jeffreys, appearing pro se,
presented testimony that he had hired Okorafor, a licensed attorney, to defend himself
and his company, Capitol State Mortgage, in a suit against them styled Michael Izard
and Tracy Izard v. Dan Womack, Individually, Old Magnolia Road Plantation, Inc.,
Capitol State Mortgage Corp., Frank Jeffreys, and Tina B. Suell, Cause No.
00-05-15397, heard in the Ninth Judicial District Court in Waller County, Texas.
("Izard case"). The Izards had sued Jeffreys, Capitol State Mortgage, and their home
builder after they discovered that their home had been defectively built. 

 Jeffreys testified that Okorafor never notified him regarding a discovery
sanctions hearing in the Izard case held on October 11, 2004. He also testified that
Okorafor never notified him about trial and never appeared at trial on behalf of
Jeffreys or Capitol State Mortgage in the Izard case. Jeffreys testified that Okorafor
never notified him about a damages hearing in the Izard case held on October 15,
2004. Jeffreys testified that the trial court in the Izard case entered a default
judgment against him in November 2004. He testified that Okorafor also failed to
timely file an appeal of the Izard case. A judgment of $4,939,486.36 was entered
against Jeffreys and the other defendants. Jeffreys testified that he filed for
bankruptcy and closed Capitol State Mortgage to avoid the payment of the judgment. 
Jeffreys asked the trial court to assess damages at $984,000, approximately one-fifth
of the value of the judgment entered against the five defendants by the trial court. The trial court asked Jeffreys if he had evidence that he had a meritorious
defense in the Izard case. When Jeffreys failed to produce evidence that he had a
meritorious defense, the trial court refused to grant judgment in his favor. However,
the trial court stated that Jeffreys could continue the case if he met the necessary
filing deadlines. The trial court then denied Jeffrey's motion for default judgment
without prejudice so that Jeffreys could facilitate "its reconsideration should there be
further motions presented." 

 On March 7, 2007, Jeffreys filed a verified motion for reconsideration of his
motion for default judgment and a request for a rehearing on the motion for summary
judgment. Jeffreys attached a certificate of conference with Okorafor which reads as
follows:

 On March 7, 2007, I spoke with [Okorafor's] office in good faith and
have attempted to resolve the matter set out in the above motion and
[Okorafor] is out of the country, long term, and has not returned my call. 


He also filed a "Notice of Oral Hearing on Plaintiff's Motion for Reconsideration"
which reads as follows:

 Please be advised that Plaintiff in the above captioned case filed Frank
Will Jeffreys ("Jeffreys") Motion for Reconsideration/Rehearing
("Motion") on the 7th day on March 2007 and the Motion is set for oral
hearing at 201 Caroline, Houston, Texas 77002 on the Court's docket
for April 5th, 2007 at 1:30 p.m.


 On March 22, 2007, Okorafor filed a no-evidence summary judgment motion
after receiving a "Notice of Intent to Dismiss--No Final Order" from the trial court. 
Okorafor also filed a motion to continue the April 5, 2007 hearing on the motion for
reconsideration of Jeffreys' motion for default judgment. Okorafor set a hearing on
the motion to continue for April 2, 2007. However, Okorafor left the county to attend
his mother's funeral in Nigeria, held on March 30, 2007.

 On April 5, 2007, Jeffreys, appearing with counsel, returned to the trial court
for the hearing on his motion for reconsideration of his original motion for default
judgment. Okorafor did not appear at the trial and did not send a representative. 
After calling for Okorafor, the trial court convened the hearing. Jeffreys testified that,
in the Izard case, the builder filed for bankruptcy and the Izards joined him, his
assistant, Tina B. Suell and Capitol State Mortgage as defendants to their suit over
the defective construction of the house. Jeffreys testified that he had no involvement
in the construction of the house because he was an underwriter of the mortgage. He
testified that he believed that if Okorafor had properly responded to the lawsuit he
would have had no liability in the Izard case. He also testified that he asked Okorafor
to file a countersuit against the Izards because Capitol State Mortgage had to repay
the Izards' loan, assessed at $159,000, because the Izards were in foreclosure after the
first six months of the mortgage. Jeffreys also testified that Okorafor did try to file
an appeal with the Fourteenth Court of Appeals, but the Court dismissed the appeal
for failure to timely pay the filing fees. 

 The trial court granted Jeffreys' motion and entered a default judgment of
$995,897.27 against Okorafor. The trial court refused to make any findings of fact
in the judgment and instructed Jeffreys to file a separate document if findings of fact
were requested. The trial court signed the final judgment on April 5, 2007. Jeffreys
requested findings of fact on April 25, 2007. 

 On April 10, 2007, Okorafor received notice that final judgment had been
entered against him at the April 5, 2007 hearing. On May 5, 2007, Okorafor filed a
motion for new trial which included an affidavit that stated:

 I was not aware of the [sic] that a final judgment had been signed in
favor of [Jeffreys] on April 5, 2007. The notice of judgment was mailed
to me by the Harris County Court Clerk on April 10, 2007. . . . I became
aware that my Motion for Continuance of the Hearing Date of April 5,
2007 was denied after May 15, 2007 when the Harris County Clerk
mailed the notice on May 15, 2007. 


 The trial court convened a hearing on Okorafor's motion for new trial on July
13, 2007. Okorafor appeared at the hearing. Jeffreys told the court that he would
"stand on his papers in the matter." Okorafor testified that he failed to appear at the
hearing on Jeffreys' motion to reconsider the default judgment because he was
attending his mother's funeral in Nigeria, and he presented documents referring to his
mother's funeral service. Okorafor testified that he was not consciously indifferent
when failing to appear because Jeffreys was fully apprised of the circumstances of his
absence, namely his mother's illness and death. Okorafor also testified that he had
never had a contract with Jeffreys to act as Jeffreys' personal attorney in the Izard
case. The trial court denied Okorafor's motion for new trial on July 13, 2007. 
Okoafor filed a notice of appeal on July 19, 2007.

 On October 16, 2007, the trial court made the following findings of fact and
conclusions of law:

 1. Okorafor and Jeffreys had an attorney-client relationship in the
case of Michael Izard and Tracy Izard v. Jeffreys et al., Cause
No. XX-XXXXXXX, in the 9th Judicial District Court of Waller
County, Texas (the "Izard case").


 2. In the Izard case, Okorafor had a duty to Jeffreys that arose out of
the attorney-client relationship.


 3. In the Izard case, Jeffreys instructed Okorafor to file a motion for
summary judgment and countersuit in the Izard lawsuit, but
Okorafor failed to take action.


 4. In the Izard case, Okorafor failed to respond or attend a
Discovery Sanctions hearing set for October 12, 2004.


 5. In the Izard case, Okorafor failed to advise Jeffreys of the
discovery or the Discovery Sanctions hearing set for October 12,
2004. 


 6. In the Izard case, Okorafor failed to attend the Damages Hearing
set for October 15, 2005.


 7. In the Izard case, Okorafor failed to advise Jeffreys of the
Damages Hearing set for October 15, 2005.


 8. In the Izard case, Okorafor failed to advise Jeffreys of the entry
of a judgment against him until on or after March 4, 2005.


 9. In the Izard case, Okorafor failed to timely file a Notice of
Appeal.


 10. This lawsuit was filed in the 190th District Court on January 24,
2006 and set for trial on April 5, 2006.[sic] Okorafor received
Notice of Trial as evidenced by Okorafor's Motion for
Continuance filed on March 22, 2007, in which he specifically
mentioned the April 5th trial date. However, Okorafor failed to
appear for trial.


 11. At trial, Jeffreys was a very credible witness and the documentary
evidence supported his claims. 


 12. Following a bench trial, the Court signed a judgment in favor of
plaintiff on April 5, 2007.


 13. The court found that based on a preponderance of the evidence
claims against Jeffreys in the Izard case were weak and apart
from Okorafor's complete abrogation of his duty, the outcome of
the Izard case would have been different and more beneficial to
Jeffreys. Okorafor's negligence caused the poor result in the
Izard case.


 14. Okorafor's negligent act or omission breached a duty that arose
from the scope of the attorney-client relationship. Okorafor's
inadequate representation as counsel was the proximate cause of
Jeffreys' damages, which totaled $995,897.27. 


 15. The court held an evidentiary hearing on Okorafor's Motion for
New Trial. The testimony of Mr. Okorafor was not credible. He
testified that he did not know of the trial setting but the file
reflects that he had filed a Motion for Continuance. Moreover,
there was no credible evidence presented at the hearing on the
Motion for New Trial that Mr. Okorafor had a defense on the
merits to this lawsuit.


Motion For New Trial


 Standard of Review

 A trial court's decision to overrule a motion to set aside a default judgment and
grant a new trial is subject to review for abuse of discretion. Interconex v. Ugarov
224 S.W.3d 523, 536 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Old
Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994)). "While trial courts
have some measure of discretion in the matter, as, in truth, they have in all cases
governed by equitable principles, it is not an unbridled discretion to decide cases as
they might deem proper, without reference to any guiding rule or principle." Id.
(quoting Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124,
126 (1939)). 

 A post-answer default judgment occurs when a timely answer, that puts the
merits of plaintiff's claims at issue, is on file, but the defendant fails to appear at trial. 
Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. App.--Houston [1st Dist.] 2004,
no pet.) (citing Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979)). If a
defendant has filed such an answer, the defendant's failure to appear at trial is neither
an abandonment of the defendant's answer nor is it an implied confession of any
issues thus joined by the defendant's answer. Id. Post-answer default judgments
cannot be entered on the pleadings, but, rather, a plaintiff must offer evidence and
prove his case as in a judgment at trial. Id. at 873. This Court must have a record of
the evidence in order to determine if sufficient evidence was submitted to support the
judgment. Id. When a default judgment is attacked by motion for new trial in the
trial court, the parties may introduce affidavits, depositions, testimony, and exhibits
to explain what happened. Fidelity and Guaranty Ins. Co. v. Drewery Constr. Co.,
Inc., 186 S.W.3d 571, 574 (Tex. 2006) (citing Gold v. Gold, 145 S.W.3d 212, 214
(Tex. 2004)).





 Lack of Notice

 In his first issue, Okorafor argues that the trial court erred in denying his
motion for new trial because he did not receive notice of the trial setting on April 5,
2007. 

 Once a defendant has made an appearance in a cause, he is entitled to notice
of the trial setting as a matter of due process under the Fourteenth Amendment. In
re $475,001, 96 S.W.3d 625, 627 (Tex. App.--Houston [1st Dist.] 2002, no pet.)
(citing Peralta v. Heights Medical Ctr. Inc., 485 U.S. 80, 86, 108 S. Ct. 896, 899-
900 (1988)). A post-answer default judgment is valid only if the defendant has
received notice of the default judgment hearing. Id. (citing $429.30 In U.S. Currency
v. State, 896 S.W.2d 363, 366 (Tex. App.--Houston [1st Dist.] 1995, no pet.)). 
Notice may be either actual or constructive. See Lopez v. Lopez, 757 S.W.2d 721,
723 (Tex. 1988). 

 In the instant case, Okorafor filed an answer to Jeffreys' original petition
initiating Jeffreys' legal malpractice claim. However, Okorafor failed to appear at
trial. On April 5, 2007, the trial court entered a post-answer default judgment against
Okorafor. Okorafor claims he did not receive notice of the February 19, 2007 trial
setting. However, he admitted in his May 5, 2007 affidavit, attached to his motion
for new trial, that he received notice of the trial held on February 19, 2007 and notice
of the hearing on Jeffreys' motion on reconsideration held on April 5, 2007. 
Okorafor also admitted in his affidavit that, on March 22, 2007, he filed a motion for
continuance of the hearing on the motion for reconsideration. Thus, the record
supports the trial court's finding that Okorafor's testimony to the contrary was not
credible. 

 We overrule Okorafor's first issue. 

 The Craddock Test

 In his second issue, Okorafor argues that the trial court erred in denying his
motion for new trial because he met the three prongs of the Craddock test for setting
aside a default judgment. 

 Under the Craddock test, a post-answer default judgment should be set aside
when the defendant establishes that (1) nonappearance at trial was not intentional or
the result of conscious indifference, but the result of an accident or mistake, (2) the
motion for new trial sets up a meritorious defense, and (3) granting the motion will
occasion no undue delay or otherwise injure the plaintiff. Mathis v. Lockwood, 166
S.W.3d 743, 744 (Tex. 2005); Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 685 (Tex. 2002); Craddock, 134 Tex. at 393, 133 S.W.2d at 126. In determining whether a claimant acted intentionally or with conscious
indifference in not appearing at trial, but rather failed to appear due to accident or
mistake, we look to the claimant's knowledge or acts. Hunsucker v. Fustok, 238
S.W.3d 421, 430-31 (Tex. App.--Houston [1st Dist.] 2007, no pet.). In this context,
an accident or mistake is characterized by inadequate knowledge of the facts or an
unexpected happening that precludes compliance. Id. Conscious indifference is the
failure to take action that would seem indicated to a person of reasonable sensibilities
under similar circumstances. Id. Generally, absence of counsel will not be good
cause to grant a continuance when the counsel has been called to trial unless the trial
court, in its sound discretion, allows the continuance after the trial court has been
apprised of the circumstances of the absence. See Tex. R. Civ. P. 253; see also
Villegas v.Carter, 711 S.W.2d 624, 626 (Tex. 1986). 

 In the instant case, Okorafor received notice of the February 19, 2007 trial
setting, but he failed to appear for trial. Jeffreys appeared, and the trial court heard
his testimony and evidence. The trial court ruled that Jeffreys presented insufficient
evidence to justify entry of a default judgment for damages and also ruled to continue
the hearing to receive such evidence if Jeffreys timely filed a motion for
reconsideration. On March 7, 2007, Jeffreys filed a motion for reconsideration and
set it for oral hearing on April 5, 2007. 

 On March 22, 2007, Okorafor filed a motion for continuance of the April 5,
2007 motion for reconsideration hearing and scheduled a hearing on his motion for
continuance for April 2, 2007. However, Okorafor failed to ensure that his motion
for continuance was granted by the trial court. Okorafor failed to appear either for
the April 2, 2007 hearing on his motion for continuance or for the April 5, 2007
hearing. A judgment in favor for Jeffreys was signed on April 5 and sent to Okorafor
on April 10. Okorafor received notice that the trial court denied his motion for
continuance on May 15, 2007.

 Okorafor filed a motion for new trial on May 5, 2007. At the motion for new
trial hearing on July 13, 2007, Okorafor told the trial court that he was attending his
mother's funeral in Nigeria held on March 30, 2007 and could not attend the trial. He
excused his absence by saying Jeffreys was aware of this circumstance. 

 Okorafor admitted that he received notice of the April 5, 2007 hearing
continuing the default judgment hearing, that he did not receive notice that his motion
for continuance had been granted, and that he did not attend either the April 2 hearing
on his motion for continuance or the April 5 hearing for Jeffreys' motion for
reconsideration of the default judgment.

 Okorafor knew or should have known that his absence from the trial was not
good cause for a motion for continuance and that he was susceptible to a default
judgment either if he failed to appear at the hearing or if he failed to secure a
continuance of the April 5, 2007 hearing. See Tex. R. Civ. P. 253; Villegas, 711
S.W.2d at 626; Hunsucker, 238 S.W.3d at 430-31. Okorafor, a licensed attorney,
failed to contact the trial court to inform it of the circumstances that prevented his
appearance prior to the April 5, 2007 hearing. Hunsucker, 238 S.W.3d at 430-31. 
Thus, the record supports the trial court's finding that Okorafor demonstrated
conscious indifference in failing to inform the trial court that he could not attend the
hearing. Id. at 430-31; Mathis, 166 S.W.3d at 744. Therefore, Okorafor failed to
meet the first prong of the Craddock test. Mathis, 166 S.W.3d at 744. Because
Okorafor had the burden to meet all three prongs of the Craddock test in order to set
aside a motion for new trial, the trial court did not abuse its discretion in denying his
motion for new trial. Interconex, 224 S.W.3d at 536. 

 We overrule Okorafor's second issue.Legal and Factual Sufficiency In his third issue, Okorafor argues that the evidence presented at trial was
legally and factually insufficient to support the trial court's judgment against him. 

Standard of Review of Legal and Factual Sufficiency of the Evidence

 Here, the trial court made findings of fact. In an appeal of a judgment rendered
after a bench trial, the trial court's findings of fact have the same weight as a jury's
verdict, and we review the legal and factual sufficiency of the evidence used to
support them just as we would review a jury's findings. Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994); De Claire v. G&B Mcintosh Family Ltd. P'ship, 260
S.W.3d 34, 42 (Tex. App.--Houston [1st Dist.] 2008, no pet.). 

 When a party without the burden of proof at trial challenges the legal
sufficiency of the evidence, we consider all of the evidence in the light most
favorable to the prevailing party, indulging every reasonable inference in that party's
favor. Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960
S.W.2d 41, 48 (Tex. 1998); De Claire, 260 S.W.3d at 42-43.

 A trial court's findings of fact are reviewed for factual sufficiency of the
evidence. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996) (citing Anderson v. City
of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991)). In reviewing a factual
sufficiency point, we must weigh all of the evidence. Id. (citing Burnett v. Motyka,
610 S.W.2d 735, 736 (Tex. 1980)). "Findings may be overturned only if they are
against the great weight and preponderance of the evidence so as to be clearly wrong
and unjust." Id. (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)). When we
hold that a trial court's finding of fact is factually insufficient, we must clearly state
why the finding of fact is factually insufficient or so against the great weight and
preponderance of the evidence as to be manifestly unjust. Id. 

 Legal Malpractice

 Legal malpractice claims sound in tort. Belt v. Oppenheimer, Blend, Harrison
& Tate, Inc., 192 S.W.3d 780, 783 (Tex. 2006). The plaintiff must demonstrate "that
(1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the
breach proximately caused the plaintiff's injuries, and (4) damages occurred." Id.
(citing Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995)). Breach of the
standard of care and causation are separate inquiries, and an abundance of evidence
as to one cannot substitute for a deficiency of evidence as to the other. Alexander v.
Turtur & Associates, 146 S.W.3d 113, 119 (Tex. 2004). If a legal malpractice case
arises from prior litigation, a plaintiff must prove that but for the attorney's breach
of his duty the plaintiff would have prevailed. Grider v. Mike O'Brien, P.C., 260
S.W.3d 49, 55 (Tex. App.--Houston [1st Dist.] 2008, pet. denied). Legal malpractice
may include an attorney's failure to exercise ordinary care in preparing, managing,
and presenting litigation. Id. The trier of fact must have some basis for
understanding the causal link between the attorney's negligence and the client's harm. 
Id. When the causal link is beyond the common understanding of the trier of fact,
expert testimony is needed. Id. 

 (1) Duty to Client

 Okorafor argues that no attorney-client relationship existed between Okorafor's
law firm and Jeffreys. The attorney-client relationship is a contractual relationship
whereby an attorney agrees to render professional services for a client. Tanox, Inc.
v. Akin, Gump, Strauss, Hauer and Feld, 105 S.W.3d 244, 254 (Tex. App.--Houston
[14th Dist.] 2003, pet. denied) (citing Mellon Serv. Co. v. Touche Ross & Co., 17
S.W.3d 432, 437 (Tex. App.--Houston [1st Dist.] 2000, no pet.)). An attorney-client
relationship must exist before a duty arises. Id. (citing Yaklin v. Glusing, Sharpe &
Krueger, 875 S.W.2d 380, 383 (Tex. App.--Corpus Christi 1994, no writ)); see also
Googin v. Grimes, 969 S.W.2d 135, 137 (Tex. App.--Houston [14th Dist.] 1998, no
pet.). The relationship may be expressly created by contract, or it may be implied
from the actions of the parties. Id. A question of fact exists when the evidence does
not conclusively establish the evidence of an attorney-client relationship. Id. (citing
Kanow v. Brownshadel, 691 S.W.2d 804, 805-06 (Tex. App.--Houston [1st Dist.]
1985, no writ)). 

 Here the trial court made the following findings of fact regarding the existence
of an attorney-client relationship and the inherent duty involved:

 1. Okorafor and Jeffreys had an attorney-client relationship in the
case of Michael Izard and Tracy Izard v. Jeffreys et al., Cause
No. XX-XXXXXXX, in the 9th Judicial District Court of Waller
County, Texas (the "Izard case").


 2. In the Izard case, Okorafor had a duty to Jeffreys that arose out
of the attorney client relationship.


 At the February 19, 2007 trial setting, Jeffreys testified that he hired Okorafor
"as a lawyer to represent me and the company." Jeffreys also produced several
documents showing that Okorafor acted as Jeffreys' personal attorney during the
underlying Izard litigation. Jeffreys attached a copy of the Izard plaintiffs' motion
for discovery sanctions and a copy of the trial court's judgment in the Izard case
identifying Okorafor as Jeffreys' attorney. He also attached a certificate of service
from the Izard plaintiffs attached to their reply to Jeffreys' response to the plaintiffs'
motion to dismiss Jeffreys' appeal of the Izard default judgment, which also
identified Okorafor as Jeffreys' attorney. Okorafor did not appear at the February 19,
2007 trial. At the April 5, 2007 hearing, Jeffreys' testified again that Okorafor was
his lawyer. Okorafor did not appear at the April 5, 2007 hearing. We conclude that
there was evidence of probative force to support the trial court's conclusion that
Okorafor owed a legal duty to Jeffreys. Formosa, 960 S.W.2d at 48. Therefore, the
evidence was legally sufficient. 

 In his motion for new trial, Okorafor belatedly argued that he had not been
hired by Jeffreys to represent him in the Izard case, but only by Jeffreys' company,
Capitol State Mortgage, Inc. Okorafor attached to his affidavit in support of his
motion a document titled "Retainer Agreement Between Capitol State Mortgage, Inc.
and Attorney James Okorafor\Law Firm of Okorafor and Mgbaraho." The document
contained a statement that "Capitol State Mortgage, Inc., whose representative is Mr.
Frank Jeffreys, is our client and the only entity/person to whom our professional
duties extend in the matter of [the Izard case]." The document states that it is
executed "FOR AND ON BEHALF OF CAPITOL STATE MORTGAGE, INC. AND
MR. FRANK JEFFREYS." The document was signed by Jeffreys and Okorafor. The
trial court found that there was an attorney-client relationship between Okorafor and
Jeffreys in the Izard case. 

 Weighing all the evidence, we conclude that the trial court's findings of fact
on the existence of an attorney-client relationship between Okorafor and Jeffreys
were not against the great weight and preponderance of the evidence presented to the
court. Ortiz, 917 S.W.2d at 772. Therefore, we further hold that the evidence of
Okorafor's duty to Jeffreys in the Izard case was factually sufficient. 

 (2) Breach of the Standard of Care and Causation

 Okorafor argues that Jeffreys presented no expert testimony regarding the
standard of care and proximate cause elements of Jeffreys' legal malpractice claim.
Breach of the standard of care and causation are separate inquiries, and evidence as
to one cannot substitute for lack of evidence as to the other. Alexander, 146 S.W.3d
at 119. 

 A lawyer in Texas is held to the standard of care that would be exercised by a
reasonably prudent attorney. Cosgrove v. Grimes, 774 S.W.2d 662, 664 (Tex. 1989). 
The fact finder must evaluate his conduct based on the information the attorney has
at the time of the alleged malpractice. Id. If an attorney makes a decision that a
reasonably prudent attorney could make in the same or similar circumstances, it is not
an act of negligence, even if the result is undesirable. Id. at 655. The standard is an
objective exercise of professional judgment. Id. Expert testimony is generally
required to determine the standard of care. Evans v. Adamo, No. 01-04-00872-CV,
2006 WL 2042486, at *2 (Tex. App.--Houston [1st Dist.] July 20, 2006, no pet.)
(mem. op.) (citing Zenith Star Ins. Co. v. Wilkerson, 150 S.W.3d 525, 530 (Tex.
App.--Austin 2004, no pet.)). 

 The determination of proximate cause is usually a question of fact. Grider, 260
S.W.3d at 55. If a legal malpractice case arises from prior litigation, a plaintiff must
prove that, but for the attorney's breach of his duty, the plaintiff would have
prevailed. Id. In some cases, the client's testimony may provide this link, but in
others the connection may be beyond the jury's common understanding and require
expert testimony. Alexander, 146 S.W.3d at 119-20; see also Grider, 260 S.W.3d at
55 (generally expert testimony necessary to prove causation).

 Jeffreys provided no expert testimony in the instant malpractice case regarding
the appropriate standard of care and causation owed him by Okorafor in the Izard
case. Rather, at the February 19, 2007 trial of this case, Jeffreys produced the trial
court's judgment entered from the Izard case, which, in part, reads as follows:

 A hearing on this case was held on October 12, 2004
regarding Plaintiff's Amended Motion for Discovery
Sanctions. Plaintiffs appeared through their counsel of
record, Hal D. Hale, Jr. Defendants and their counsel
failed to file a motion and though timely notified of the
hearing failed to appear. The Court granted a "Death
Penalty" sanction against Defendants and Defendant's
counsel and struck all Defendant's pleadings. 


 A hearing was held on October 15, 2004 regarding
damages. Plaintiffs appeared through their counsel of
record, Hal D. Hale, Jr. and although timely notified of the
hearing, Defendants and their counsel failed to appear. 

 

 Following the February 19 trial and April 5, 2007 hearing on the motion for
reconsideration in the instant malpractice case, the trial court made the following
relevant findings of fact:


 3. In the Izard case, Jeffreys instructed Okorafor to file a motion for
summary judgment and countersuit in the Izard lawsuit, but
Okorafor failed to take action.


 4. In the Izard case, Okorafor failed to respond or attend a
Discovery Sanctions hearing set for October 12, 2004.


 5. In the Izard case, Okorafor failed to advise Jeffreys of the
discovery or the Discovery Sanctions hearing set for October 12,
2004. 


 6. In the Izard case, Okorafor failed to attend the Damages Hearing
set for October 15, 2005.


 7. In the Izard case, Okorafor failed to advise Jeffreys of the
Damages hearing set for October 15, 2005.


 8. In the Izard case, Okorafor failed to advise Jeffreys of the entry
of a judgment against him until on or after March 4, 2005.


 9. In the Izard case, Okorafor failed to timely file a Notice of
Appeal.

 . . . . 


 11. At trial, Jeffreys was a very credible witness and the documentary
evidence supported his claims. 


 12. Following a bench trial, the Court signed a judgment in favor of
plaintiff on April 5, 2007.


 13. The court found that based on a preponderance of the evidence
claims against Jeffreys in the Izard case were weak and apart
from Okorafor's complete abrogation of his duty, the outcome of
the Izard case would have been different and more beneficial to
Jeffreys. Okorafor's negligence caused the poor result in the
Izard case.


 14. Okorafor's negligent act or omission breached a duty that arose
from the scope of the attorney-client relationship. Okorafor's
inadequate representation as counsel was the proximate cause of
Jeffreys' damages, which totaled $995,897.27. 


 The evidence supports the trial court's findings that Okorafor completely
abrogated his duty in the Izard case. Although expert testimony is generally
necessary to prove both the standard of care and causation, expert testimony was
unnecessary under these facts to prove that Okorafor fell below the standard of care
of a reasonably prudent attorney and that he was the proximate cause of Jeffreys'
injury. See Cosgrove, 774 S.W.2d at 664 (jury found lawyer negligent and his
negligence was proximate cause of plaintiff's damages in legal malpractice case after
using plaintiff's testimony alone as evidence); see also Alexander, 146 S.W.3d at 119
(stating that, in some cases, client's testimony is sufficient to show causal link
between lawyer's negligence and client's harm). 

 Because Jeffreys presented some evidence of breach and proximate cause, we
hold that the standard of legal sufficiency was met. Okorafor presented no evidence
that he did not breach his attorney-client duty or that his actions did not proximately
cause Jeffreys' damages. Therefore, the trial court's findings of fact are not against
the great weight and preponderance of the evidence presented at trial, and the
evidence was also factually sufficient to support the judgment. Ortiz, 917 S.W.2d at
772. 

 (3) Damages

 When the plaintiff's allegation is that some failure on the attorney's part caused
an adverse result in prior litigation the plaintiff must produce evidence from which
a fact finder may reasonably infer that the attorney's conduct caused the damages
alleged. See Alexander, 146 S.W.3d at 119. 

 The trial court in the Izard case assessed $4,939,486.36 in damages against the
five Izard defendants. In the instant case, as evidence that Okorafor's conduct caused
his damages, Jeffreys presented to the trial court the Izard default judgment reciting
the assessed damages and evidence that Okorafor represented him in the Izard case. 
Jeffreys asked the trial court to assess $984,000 in damages against Okorafor, which
was approximately one-fifth of the value of the judgment entered against the five
Izard defendants. Okorafor did not attend the April 5, 2007 hearing at which the
evidence of damages was presented, and he did not produce any evidence that
Jeffreys' damages were not proximately caused by his breach of his professional duty
to Jeffreys. We hold that Jeffreys' evidence was both legally and factually sufficient
to show that Okorafor's breach of his legal duty proximately caused the damages
assessed by the trial court. BMC Software Belgium v. Marchand, 83 S.W.3d 789, 794
(Tex. 2002).

 We overrule Okorafor's third issue. 

Adoption of Trial Court Findings

 In his fourth issue, Okorafor argues that the trial court erred in adopting
Jeffreys' findings of fact and conclusions of law. We construe Okorafor's argument
as urging that Jeffreys' findings of fact adopted by the trial court are against the great
weight and preponderance of the evidence and that the trial court's legal conclusions
were erroneous. See Ortiz, 917 S.W.2d at 772 ("Findings may be overturned only if
they are so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust"). 

 First, Okorafor argues that the trial court adopted a finding of fact falsely
stating that attorney Timothy James Henderson appeared before the court on behalf
of Jeffreys on February 19, 2007. However, the record does not reflect that the trial
court made such a finding of fact. 

 Second, Okorafor argues that the trial court adopted a finding of fact that the
trial court entered a final judgment at the February 19, 2007 trial. The record does
not reflect that the trial court adopted a finding of fact that it entered a final judgment
on February 19, 2007. The record does not support Okorafor's arguments as to either
of these alleged findings of fact.

 Okorafor also argues that the trial court erred generally in making its findings
of fact. This allegation is inadequately briefed. See Tex. R. App. P. 38.1(h); see also
Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118, 128 (Tex.
App.--Houston [1st Dist.] 2002, pet denied) (stating that Rule 38 requires appellant
to provide reviewing court "with such discussion of the facts and the authorities relied
upon as may be requisite to maintain the point at issue"). 

 We overrule Okorafor's fourth issue.

Judgments Void ab Initio and Voidable Judgments

 In his fifth issue, Okorafor argues that the default judgment entered against him
is either void ab initio or voidable. 

 1. Void Judgment

 A judgment is void only when it is apparent that the court rendering judgment
"had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction
to enter the judgment, or no capacity to act as a court." Cook v. Cameron, 733
S.W.2d 137, 140 (Tex. 1987) (citing Browning v. Placke, 698 S.W.2d 362, 363 (Tex.
1985)). Errors other than lack of jurisdiction render the judgment merely voidable. 
Id. 

 Here, Okorafor consented to the court's jurisdiction when he filed his answer
and made a general appearance. See Tex. R. Civ. P. 121; see also N803RA, Inc. v.
Hammer, 11 S.W.3d 363, 366 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 
Therefore, the judgment is not void ab initio. 


 2. Voidable Judgment 

 Okorafor also argues that the trial court judgment is voidable because the trial
court made findings of fact in the form of the judgment. Findings of fact shall not be
recited in a judgment. Tex. R. Civ. P. 299a. If there is a conflict between findings
of fact recited in a judgment in violation of this rule and findings of fact made
pursuant to Rules 297 and 298, the latter findings will control for appellate purposes. 
Id. Findings of fact shall be filed with the clerk of the court as a document or
documents separate and apart from the judgment. Id. 

 Here, both Okorafor and Jeffreys offered a version of the judgment containing
findings of fact. However, the trial court specifically told Jeffreys that it would not
make findings of fact in the form of the judgment because it was improper under the
rules. The trial court struck through all the findings of fact in Jeffreys' version and
rendered the following judgment on April 5, 2007:

 The Court called this case for trial. Plaintiff Frank Will Jeffreys
("Jeffreys") appeared and announced ready. Defendant James O.
Okorafor ("Okorafor") was sent proper notice but did not show up for
the trial. The Court heard and considered all matters in controversy,
legal and factual, and the Court heard and considered Jeffreys sworn
testimony, evidence and offered exhibits and relevant pleadings and
orders in the case. After considering the proper evidence before the
Court and on file, the Court grants final judgment for Plaintiffs as
follows:

 

 ORDERED that a Judgment by Default be granted to Plaintiff's
against Okorafor as to liability in the above referenced case; and
it is further

 

 ORDERED that the Plaintiffs recover Defendant Okorafor
$995,897.27.

 

 ORDERED that all writs issue and execution issue for this Final
Judgment.


 The Court denies all relief not granted in this Final Judgment. 

 The court then entered findings of fact and conclusions of law in a separate
document on October 16, 2007. Okorafor's reliance on Texas Rule of Civil
Procedure 299a is inapplicable to the facts of this case because the trial court did not
make any findings of fact in the form of the judgment. We conclude that the
judgment rendered by the trial court is neither void ab initio nor voidable. 

 We overrule Okorafor's fifth issue.

Conclusion

 We affirm the judgment of the trial court. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.