**FILED**
**February 18, 2015**
**Third Court of Appeals**
**Jeffrey D. Kyle**
**Clerk**

ACCEPTED
03-14-00782-CV
4070020
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 11:21:23 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00782-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

SANTANDER CONSUMER USA, INC.
Appellant,

v.

MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC.,
JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC.
REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN,
Appellees.

Appealed from the
353rd Judicial District Court
Travis County, Texas

## REPLY BRIEF OF APPELLANT

DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
driherd@dntlaw.com [E-MAIL]
State Bar of Texas # 24038904
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF APPELLANT'S REPLY POINTS TO APPELLEES' RESPONSE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Reply to Issue I: In a debtor's suit against a secured party and repossession agents, the secured party can invoke the arbitration clause contained within the security agreement to compel the debtor to arbitrate all claims against the secured party and its repossession agents without regard to the repossession agents' nonsignatory status. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Reply to Issue II: Santander did not waive the incorporation by reference theory, and the agency theory applies to Cross-Defendants under the theory of vicarious liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      Reply to Issue III: Centroplex and Thompson invoked the jurisdiction of the trial court by filing an answer to Santander's cross-claims. . . . . . . . . . . . . . 1

      Reply to Issue IV: Damages should not be awarded to Cross-Defendants because Santander's appeal is not frivolous . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      Reply to Issue I: In a debtor's suit against a secured party and repossession agents, the secured party can invoke the arbitration clause contained within the security agreement to compel the debtor to arbitrate all claims against the secured party and its repossession agents without regard to the repossession agents' nonsignatory status. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      Reply to Issue II: Santander did not waive the incorporation by reference theory, and the agency theory applies to Cross-Defendants under the theory of vicarious liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Reply to Issue III: Centroplex and Thompson invoked the jurisdiction of the trial court by filing an answer to Santander's cross-claims. . . . . . . . . . . . . . 9

      Reply to Issue IV: Damages should not be awarded to Cross-Defendants because Santander's appeal is not frivolous . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

**Cases**                                                   **Page**

*Ashraf v. Ashraf*, No. 03-11-00467-CV, 2012 Tex. App. LEXIS 4345
(Tex. App.—Austin May 24, 2012, no pet.) (mem. op.). . . . . . . . . . . . . . 11

*Bridas S.A.P.IC. v. Gov't of Turkmenistan*,
345 F.3d 347 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Carr v. Main Carr Dev. LLC*,
377 S.W.3d 489 (Tex. App.—Dallas 2011, pet. denied). . . . . . . . . . . . . . . 4

*General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*,
826 S.W.2d 124 (Tex. 1991) (per curiam). . . . . . . . . . . . . . . . . . . . . . . . 11

*Gililland v. Taylor Investments*, No. 11-03-00175-CV, 2004,
Tex. App. LEXIS 8521,
(Tex. App.–Eastland 2004, pet. denied) (mem. op.).. . . . . . . . . . . . . . . . . . 6

*Hunt v. CIT Group/Consumer Fin., Inc.,* No. 03-09-00046-CV,
2010 Tex. App. LEXIS 2767,
(Tex. App.—Austin Apr. 15, 2010, pet. denied). . . . . . . . . . . . . . . . . . . . 11

*Jenkins & Gilchrist v. Riggs*,
87 S.W.3d 198 (Tex. App.–Dallas 2002, no pet.). . . . . . . . . . . . . . . . . . . 7

*Mbank El Paso v. Sanchez*,
836 S.W.2d 151 (Tex. 1992*)*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*McMillan v. Computer Translation Systems & Support, Inc.*,
66 S.W.3d 477 (Tex. App.–Dallas 2001, no pet.). . . . . . . . . . . . . . . . . . . 7

*Moore v. Elektro-Mobil Technik GMBH*,
874 S.W.2d 324 (Tex. App.--El Paso 1994, writ denied).. . . . . . . . . . . . . . 9

*N803RA, Inc. v. Hammer*,
11 S.W.3d 363 (Tex. App.--Houston [1st Dist.] 2000, no pet.). . . . . . . . . . 9

*One Beacon Ins. Co. v. Crowley Marine Servs.*,
648 F.3d 258 (5th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SEB, Inc. v. Campbell*, No. 03-10-00375-CV,
2011 Tex. App. LEXIS 1588,
(Tex. App.–Austin Mar. 2, 2011, no pet.) (mem. op.). . . . . . . . . . . . . . . . 6

*Smith v. Brown*, 51 S.W.3d 376
     (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  . . . . . . . . . . . . . . . . . 11

## <u>Statutes</u>                                                         <u>Page</u>

Tex. Bus. & Comm. Code § 9.609.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

Tex. Bus. & Comm. Code Ann.§ 17.565.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Civ. Prac. & Rem. Code Ann.§ 16.003. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Civ. Prac. & Rem. Code Ann.§ 16.004. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. R. Civ. P. 120a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. R. Civ. P. 121.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## <u>Rules</u>                                                           <u>Page</u>

Tex. R. App. P. 9.4.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. R. App. P. 45.2.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>**STATEMENT OF APPELLANT'S REPLY POINTS**</u>
<u>**TO APPELLEES' RESPONSE**</u>

Appellant, SANTANDER CONSUMER USA, INC. ("Santander") makes the following reply points to the response of Appellees, CENTROPLEX AUTOMOBILE RECOVERY, INC. ("Centroplex"), BLAKE THORNTON VANDUSEN ("Vandusen"), JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC. ("Thompson"), and REDSHIFT INVESTIGATION, INC. ("Redshift") (collectively called, "Cross-Defendants").

> Reply to Issue I: In a debtor's suit against a secured party and repossession agents, the secured party can invoke the arbitration clause contained within the security agreement to compel the debtor to arbitrate all claims against the secured party and its repossession agents without regard to the repossession agents' nonsignatory status.

> Reply to Issue II: Santander did not waive the incorporation by reference theory, and the agency theory applies to Cross-Defendants under the theory of vicarious liability.

> Reply to Issue III: Centroplex and Thompson invoked the jurisdiction of the trial court as to all claims by filing an answer to Santander's cross-claims.

> Reply to Issue IV: Damages should not be awarded to Cross-Defendants because Santander's appeal is not frivolous.

<u>**SUMMARY OF THE ARGUMENT**</u>

Santander can invoke the Arbitration Provision contained within the security agreement to compel Plaintiff MARIO A. MATA ("Mata") to arbitrate all claims against Santander as secured party and Cross-Defendants as repossession agents without regard to the Cross-Defendants' nonsignatory status. Santander did not waive the incorporation by reference theory, because Santander argued this issue to the trial court at the hearing on Santander's Motion to Compel.

-1-

The Service Agreement and Recovery Agreement are dependent upon secured transactions, such as the Contract, and provided Cross-Defendants notice of and opportunity to review the terms of the underlying retail installment contracts for which recovery services were to be provided such that Cross-Defendants may be compelled to arbitration under the incorporation by reference theory. Also, because Santander is vicariously liable for the actions of Cross-Defendants in repossessing Mata's vehicle, Cross-Defendants may be compelled to arbitration under the agency theory.

The trial court and this Court have jurisdiction over Mata's claims against Centroplex and Thompson because they filed an answer to Santander's cross-claims, consenting to the jurisdiction of the trial court. And, Cross-Defendants fail to show that Santander's appeal is frivolous, so they are not entitled to damages.

## ARGUMENT

**Reply to Issue I: In a debtor's suit against a secured party and repossession agents, the secured party can invoke the arbitration clause contained within the security agreement to compel the debtor to arbitrate all claims against the secured party and its repossession agents without regard to the repossession agents' nonsignatory status.**

Cross-Defendants seek to cast themselves as strangers to the contract in which Mata granted to Santander a security interest in the vehicle that Cross-Defendants repossessed. Cross-Defendants boil this litigation down to two undisputed facts: (1) the contracts between Santander and Cross-Defendants do not contain arbitration provisions; and (2) the Cross-Defendants never saw the contract executed by Mata for the sale and finance of the vehicle they admit to have repossessed. These facts are are undisputed, but irrelevant.

-2-

Equally undisputed are the relevant and material facts which underpin Santander's argument and which are ignored by the Cross-Defendants. Santander is a secured party in which Mata is a debtor. (CR 71-72.) Santander held a perfected purchase money financing in the vehicle owned by Mata. (CR 73-74.) To enforce its security interest in the Mata vehicle, Santander contracted with Redshift, who in turn contracted with Centroplex, who employed Vandusen to repossess Mata's vehicle. (CR 81-85, 34-46.) Mata alleges that during the course of Vandusen's repossession of the vehicle, he was injured. The relationship between the secured party and the repossessors forms the basis of Mata's claims against Santander as stated in his Plaintiff's Original Petition: ". . . when attempting repossession, the lender has the specific legal duty of insuring neither the lender nor any of its agents or representatives breach the peace. Tex. Bus. & Com. Code Ann. §9.609(b)(3); *Mbank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 151-154 (Tex. 1992). This is a non-delegable duty. *Id.*" (CR 8.)

Cross-Defendants are not strangers to this secured transaction, but are active participants compensated for their repossession services. (CR 81, 84, 150.) It is disingenuous for the Cross-Defendants to decry the threatened loss of *their* right to trial by jury by an unseen security agreement, in the absence of which any repossession they performed would be unlawful.

**Reply to Issue II: Santander did not waive the incorporation by reference theory, and the agency theory applies to Cross-Defendants under the theory of vicarious liability.**

Cross-Defendants argue that Santander failed to raise the exception of incorporation by reference in the trial court, such that it waived this issue on appeal. Cross-Defendants cite *Bridas S.A.P.IC. v. Gov't of Turkmenistan*, 345 F.3d 347, 356-57 (5th Cir. 2003) and *Carr v. Main Carr Dev. LLC*, 377 S.W.3d 489, 494 (Tex. App.—Dallas 2011, pet. denied) for this proposition. However, *Bridas* stands for the proposition that arguments that are insufficiently addressed in the body of the brief on appeal, are waived. *Id*. Santander's brief thoroughly addresses the incorporation by reference theory. Although this theory may not have been explicitly addressed in Santander's Motion to Compel, it was raised in the trial court at the hearing on the Motion to Compel. Counsel for Santander argued to the trial court:

> So for these parties to say, well, they had nothing to do with this retail installment contract, that is absolutely with ignorance of the facts of this case because of the actions they were taking. They knew they were acting on behalf of a secured creditor. . . .When these defendants engaged to take on this work, to repossess Mr. Mata's motor vehicle, they knew full well why they were doing it. And these agreements between the parties that, again, do not contain arbitration clauses, and I will not say that they do, but the focus of every one of these contracts is for one purpose and one purpose only and that is to enforce a secured party's right in collection, recovery, repossession of its collateral. So far as these agreements provide, Your Honor, these people have no business except for the purpose of acting as repossessors. They were not engaged by Santander to do anything else. So for them to say that, you know, they weren't involved in the finance transaction, they were, pure and simple. That was the very nature of their business. Now, yes, we have claims between ourselves for indemnification and contribution. That's not what we're seeking to have arbitrated, Your Honor. It's Mr. Mata's claims. And Mr. Mata's claims not only directly against my client, but against all parties for whom my client must answer.

(RR 1:10, lines 1-6, 11-25; RR 1:11, lines 1-7.)

-4-

…[T]hese claims that Mr. Mata has against all of these defendants must be arbitrated, not withstanding the fact that these repossessors did not know that there was an arbitration clause. What they did know is that there was a secured transaction. What they did know was that they were being tasked with repossessing the collateral. They knew that.

(RR 1:18, lines 19-25.)

This argument by counsel for Santander at the hearing on Santander's Motion to Compel advanced the theory that the Service Agreement between Santander and Redshift, and the Recovery Agreement between Redshift and Centroplex are dependent upon and incorporate by reference the retail installment contracts, such as the Contract executed by Mata, that grant a security interest in the collateral and for which Redshift and Centroplex are to provide recovery services for such collateral. The Service Agreement and the Recovery Agreement incorporate by reference the underlying retail installment contracts for which recovery services will be provided and are dependent upon secured transactions, such as the Contract. Thus, Santander did not waive this theory on appeal.

Cross-Defendants argue that even if Santander did not waive this theory, the incorporation by reference theory does not apply because the Service Agreement and Recovery Agreement do not explicitly, or implicitly, incorporate or even reference the specific Contract executed by Mata. However, terms incorporated by reference will be valid so long as it is clear that the parties to the agreement had knowledge of and assented to the incorporated terms. *One Beacon Ins. Co. v. Crowley Marine Servs.*, 648 F.3d 258, 268 (5th Cir. 2011). Notice of incorporated terms is reasonable where, under the particular facts of the case, a reasonably prudent person should have seen them. *Id*.

-5-

A party with notice of and opportunity to review contract terms is bound by those terms even where party has not read them. *Id.* As shown above in Santander's counsel's argument at the hearing on Santander's Motion to Compel, and in Santander's principal brief, the Service Agreement and the Recovery Agreement incorporate by reference the underlying retail installment contracts for which recovery services will be provided and are dependent upon secured transactions, such as the Contract. Cross-Defendants had knowledge of and assented to the terms of the retail installment contracts because their rights under Service Agreement Recovery Agreement to engage in repossessions were derived from the very terms of the retail installment contracts, even if they had not read the retail installment contracts. As such, Cross-Defendants, as nonsignatories to the Contract, are bound to arbitration under the theory of incorporation by reference.

Cross-Defendants also argue that the agency theory does not bind them, as nonsignatories, to arbitration. Cross-Defendants assert that the cases that Santander cites in support of the proposition that a nonsignatory can be compelled to arbitration under the agency theory are inapposite because these cases involve a nonsignatory agent or employee seeking to compel arbitration against the signatories.

But, the holdings in these cases are not limited to the specific facts and broadly hold that when the principal is bound by the terms of a valid arbitration agreement, its agents, employees, and representatives are also covered by the agreement. *SEB, Inc. v. Campbell*, No. 03-10-00375-CV, 2011 Tex. App. LEXIS 1588, *9 (Tex. App.–Austin Mar. 2, 2011, no pet.) (mem. op.); *Gililland v. Taylor Investments*, No. 11-03-00175-CV, 2004 Tex. App. LEXIS 8521, *8-9 (Tex. App.–Eastland 2004, pet.

denied) (mem. op.); *McMillan v. Computer Translation Systems & Support, Inc.*, 66 S.W.3d 477, 481 (Tex. App.–Dallas 2001, no pet.) (nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles).

Cross-Defendants also argue that they are independent contractors, not agents, of Santander such that they cannot be compelled to arbitration. They claim that *Jenkins & Gilchrist v. Riggs*, 87 S.W.3d 198, 202 (Tex. App.–Dallas 2002, no pet.) supports this position. In *Riggs*, the court of appeals found that an attorney, who was a nonsignatory to an arbitration agreement between his client, a television station, and an employee of the television station that required arbitration of any disputes between employees and the television station "and/or" the agents of the television station, could not compel arbitration as to the employee's claims against him on an agency theory because the attorney was an independent contractor to the television station and not an employee. *Id*. at 201-202. The court of appeals found that the term "agents" includes those persons for whom the television station would be vicariously liable but that an attorney can never vest in a third person adequate control to render that third person vicariously liable for his conduct. *Id*. at 202.

Here, however, although Cross-Defendants argue that they are independent contractors, they fail to address that as matter of law, Santander is vicariously liable for the actions of Cross-Defendants in repossessing Mata's vehicle. Tex. Bus. & Comm. Code § 9.609(b)(2); *Mbank*, 836 S.W.2d at 153-54.

For the purposes of arbitration, this makes Cross-Defendants agents of Santander. And, Cross-Defendants cite no authority to support their contention that they may not be compelled to arbitration under the agency theory pursuant to Santander's vicarious liability for their actions.

Cross-Defendants cite to *Bridas*, 345 F.3d at 356-57 for the proposition that the agency theory binds a nonsignatory only when a party to the arbitration agreement signed as the agent of the nonsignatory. Thus, they argue, Santander would have to show that it signed the Arbitration Provision as an agent of the Cross-Defendants. However, that is not the holding of *Bridas*. In *Bridas*, Bridas entered into a joint venture agreement with Turkmenneft, a production association formed and owned by the government of Turkmenistan. *Id*. at 351. The government of Turkmenistan was not a signatory to the joint venture agreement, which contained an arbitration clause. *Id*. at 351-52. The government of Turkmenistan later ordered Bridas to suspend its work under the joint venture agreement and prohibited Bridas from making imports and exports in or from Turkmenistan. *Id*. at 352. Bridas initiated arbitration proceedings, including the government of Turkmenistan as a party, and the district court found that the government was bound to arbitration under the principles of agency and equitable estoppel. *Id*. at 352, 354.

The Fifth Circuit found that there was insufficient evidence that the parties intended Turkmenneft to sign the joint venture agreement as an agent of the government of Turkmenistan and thus found that the district court erred in compelling the government of Turkmenistan to arbitration. *Id*. at 358.

As discussed above, Cross-Defendants' status as agents for purposes of arbitration is established as a matter of law. Thus, Cross-Defendants may be compelled to arbitration under the incorporation by reference theory or the agency theory, and the trial court erred in failing to order Mata's claims against Cross-Defendants to arbitration.

**Reply to Issue III: Centroplex and Thompson invoked the jurisdiction of the trial court by filing an answer to Santander's cross-claims.**

Centroplex and Thompson argue that there are no arbitrable claims asserted against them because Mata never served them with the petition in which he asserted claims against them. This argument is completely without merit. "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121. A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction, or seeks affirmative action from the court on other issues. *Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied). CentroPlex and Thompson filed an answer in this case asserting affirmative defenses against ***Mata's*** claims, asserting cross-claims against Redshift, and praying that ***[Mata]*** and Santander take nothing by this suit. . . ." (CR 24-27.)

CentroPlex and Thompson failed to make any objections to the jurisdiction of the trial and failed to file a special appearance; thus, they made a general appearance and consented to the trial court's jurisdiction. *See* Tex. R. Civ. P. 120a; Tex. R. Civ. P. 121; *N803RA, Inc. v. Hammer*, 11 S.W.3d 363, 366 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

CentroPlex and Thompson also argue that the limitations period has expired on Mata's claims for personal injury on February 23, 2013, that they were never served with Mata's claims, and that Santander failed to file its cross-claims until after the expiration of the statute of limitations. Mata has asserted several different causes of action, some with a two-year statute of limitations, and some with a four-year statute of limitations, as follows:

- breach of contract - 4 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a),(c);
- conversion - 2 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.0034(a);
- common-law fraud - 4 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a);
- trespass to real property - 2 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a);
- gross negligence - 2 years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); and;
- violations of the Texas Deceptive Trade Practices Act - 2 years. Tex. Bus. & Comm. Code Ann.§ 17.565.
-

Mata filed his suit on February 22, 2013, and the event complained of occurred on February 23, 2011. (CR 3-10.) Thus, Mata filed suit one day before the statute of limitations expired on his causes of action with a two-year statute of limitations, and the claims are not time-barred.

Centroplex and Thompson's arguments that they are not subject to the jurisdiction of the trial court or this Court and that Mata's claims against them are time-barred are without merit.

**Reply to Issue IV: Damages should not be awarded to Cross-Defendants because Santander's appeal is not frivolous**.

Rule 45 permits an appellate court to award a prevailing party "just damages" for "frivolous appeals." Tex. R. App. P. 45.2. The appellate court applies an objective test in determining whether an appeal is frivolous. *Ashraf v. Ashraf*, No. 03-11-00467-CV, 2012 Tex. App. LEXIS 4345, at *27-28 (Tex. App.—Austin May 24, 2012, no pet.) (mem. op.). The appellate court reviews the record from the viewpoint of the advocate and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Id*. at *28. Whether to grant sanctions for a frivolous appeal is a matter within the appellate court's discretion, that an appellate court exercises with prudence and caution and only after careful deliberation; but it will do so only in circumstances that are truly egregious. *Id*. The fact that an appellate court rejects a party's arguments, or even finds deficiencies in the appeal, does not constitute "truly egregious circumstances." *Id*. This is because the right to appeal is a most sacred one. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Santander's appeal constitutes an informed, good-faith challenge to the trial court's order denying Santander's motion to compel arbitration with regard to Mata's claims against Cross-Defendants. *See Hunt v. CIT Group/Consumer Fin., Inc.,* No. 03-09-00046-CV, 2010 Tex. App. LEXIS 2767, at *29 (Tex. App.—Austin Apr. 15, 2010, pet. denied) (mem. op.) (citing *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam)). Santander's arguments are supported with factual statements from the record and legal authorities, and its arguments have legal merit.

A reasonable attorney could conclude, based on Santander's arguments, that the Arbitration Provision contained in the Contract is incorporated by reference into the Service Agreement and the Recovery Agreement or that Cross-Defendants are bound to arbitrate under an agency theory such that Cross-Defendant are bound to arbitrate Mata's claims against them. Cross-Defendants fail to show any "truly egregious circumstances" that warrant an award of damages against Santander. Thus, this Court should not award damages to Cross-Defendants.

## CONCLUSION

Santander can invoke the Arbitration Provision contained within the security agreement to compel Mata to arbitrate all claims against Santander as secured party and Cross-Defendants as repossession agents without regard to the Cross-Defendants' nonsignatory status. Santander did not waive the incorporation by reference theory, because Santander argued this issue to the trial court at the hearing on Santander's Motion to Compel. The Service Agreement and Recovery Agreement are dependent upon secured transactions, such as the Contract, and provided Cross-Defendants notice of and opportunity to review the terms of the underlying retail installment contracts for which recovery services were to be provided such that Cross-Defendants may be compelled to arbitration under the incorporation by reference theory. Also, because Santander is vicariously liable for the actions of Cross-Defendants in repossessing Mata's vehicle, Cross-Defendants may be compelled to arbitration under the agency theory.

The trial court, and this Court, have jurisdiction over Mata's claims against Centroplex and Thompson because they filed an answer to Santander's cross-claims, consenting to the jurisdiction of the trial court. And, Cross-Defendants fail to show that Santander's appeal is frivolous, so they are not entitled to damages.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant, SANTANDER CONSUMER USA, INC., fully prays that this Court grant oral argument on this appeal, and thereafter, reverse the trial court's order denying Santander's motion to compel arbitration as to Mata's claims against the other Defendants, enter an order compelling arbitration of all of Mata's claims in the underlying cause of action, and for all other and further relief to which Santander Consumer USA, Inc. may show itself to be justly entitled.

Respectfully submitted,

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.

DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904
driherd@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

-13-

# CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Corel WordPerfect X5 and contains 3,150 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

_____
DEBORAH C. S. RIHERD

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following parties either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on February 9, 2015:

Mario A. Mata
Mario A. Mata, PLLC
111 Congress Avenue, Suite 400Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
APPELLEE, pro se

David L. Treat
dlt@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEY FOR APPELLEES
REDSHIFT INVESTIGATION
INC.

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

Karen C. Burgess
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEY FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F.
THOMPSON

_____
DEBORAH C. S. RIHERD

-14-

ACCEPTED
03-14-00782-CV
4075522
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 2:40:37 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00782-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

SANTANDER CONSUMER USA, INC.
Appellant,

v.

MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC.,
JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC.
REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN,
Appellees.

Appealed from the
353rd Judicial District Court
Travis County, Texas

**APPELLANT SANTANDER CONSUMER USA, INC.'S AMENDED
CERTIFICATE OF SERVICE**

The undersigned certifies that on February 9, 2015, SANTANDER CONSUMER USA, INC., Appellant herein, served a true and correct copy of the REPLY BRIEF OF APPELLANT in a manner prescribed by Tex. R. Civ. P. 21a, on the following:

Mario A. Mata
Mario A. Mata, PLLC
111 Congress Avenue, Suite 400Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
APPELLEE, pro se

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

David L. Treat
dlt@lstlaw.com [E-MAIL]
Christopher A. Lotz
clotz@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEYS FOR APPELLEES
REDSHIFT INVESTIGATION
INC.

Karen C. Burgess
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEYS FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F.
THOMPSON

Respectfully submitted,

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.

_____
DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904
driherd@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following parties either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on February 9, 2015:

Mario A. Mata
Mario A. Mata, PLLC
111 Congress Avenue, Suite
400Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
APPELLEE, pro se

David L. Treat
dlt@lstlaw.com [E-MAIL]
Christopher A. Lotz
clotz@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEY FOR APPELLEES
REDSHIFT INVESTIGATION
INC.

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

Karen C. Burgess
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEY FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F.
THOMPSON

_____
DEBORAH C. S. RIHERD